**Thelbert OWENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–02–00064–CR.**

Court of Appeals of Texas,
Tyler.

Sept. 30, 2003.

Darren Bertin, for appellant.

Nicole D. Lostracco, County Dist. Atty., Nacogdoches, for state.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

Thelbert Owens ("Appellant") was convicted on two counts of indecency with a child and was sentenced to twenty years of imprisonment on each count, with the sentences to run consecutively. On appeal, Appellant contends that the trial court erred in admitting evidence of extraneous offenses because he was not afforded proper notice of the offenses by the State. We affirm.

### BACKGROUND

On December 1, 2000, Appellant was indicted on two counts of indecency with a child and subsequently pleaded "not guilty" to those charges. On August 13, 2001, Appellant filed a motion asking the trial court to order the State to give him notice of any "extraneous offenses or evidence of other crimes which it reasonably anticipates it may seek to introduce into [the] trial of this cause" and asked for a continuance if he was not given adequate notice in time to effectively prepare to defend the allegations. On August 14, Appellant, by letter to the District Attorney, made a request under rule 404(b) of the Texas Rules of Evidence and section 3 of article 37.07 of the Texas Code of Criminal Procedure for

> the date or dates, time or times, and location or locations of any extraneous crime or crimes or bad acts alleged to have been committed by the defendant. This request is not limited to, but includes, prior criminal convictions (felony or misdemeanor) but specifically includes extraneous crime or crimes or bad acts known to the State at any time prior to the final disposition or judgment in the cause or causes. Further ... we hereby make a formal request for any and all extraneous crimes (including prior convictions) that the State intends to introduce at the punishment phase if a verdict of guilty is had in this cause.
>
> This request is timely submitted to you in accordance with the law and you are requested to respond in writing and it is the intent and purpose that this will serve notice that this is a continuing request.

Jury selection for Appellant's trial began on Monday, January 28, 2002. That same day, the State filed a "Second Motion to Compel the Taking of Testimony of a Child Witness Outside the Presence of the Defendant," thereby notifying Appellant that it sought to take the testimony of T.M., a male child that was unnamed in the State's witness list filed on January 22.

That same day, the State sent Appellant's counsel a letter informing him that potential witnesses had been discovered and that "additional evidence pertaining to Texas Code of Criminal Procedure 37.07 [1], and Texas Rules [sic] of Criminal Evidence 404(b) [2] and Rule 609 has come to light." The letter further informed Appellant's counsel that 1) the extraneous offense was "making sexually oriented photographs of a minor," 2) T.M. was the victim of that offense, 3) the offense occurred on or about June 15, 2000, and 4) the offense occurred in Nacogdoches County.

On Tuesday, January 29, the trial court heard arguments on Appellant's oral motion to exclude T.M.'s testimony and two photographs of T.M. One of the photographs depicts T.M. sitting on a couch wearing a white lace dress, black panties, white socks and high-heeled shoes, with an older male individual crouched next to him with his hand on top of T.M.'s genital area. The other photograph shows T.M. completely naked.

At the hearing, the State informed the trial court that the photographs of T.M. were not discovered until late Thursday, January 24. The State further informed the court that 1) at lunch on Friday, January 25, the State told Appellant's counsel that the pictures existed and that the State had not yet contacted T.M. but was attempting to do so, 2) before the end of the business day on Friday, the State notified Appellant's counsel that it had contacted T.M. and that T.M.'s testimony would be that Appellant was the person who took the two photographs, 3) on the morning of Saturday, January 26, Appellant's counsel met with the State and viewed the photographs and other evidence, and 4) the two parties then agreed that the State would file its official notice to take T.M.'s testimony on Monday morning before jury selection.

Appellant's counsel agreed with the factual assertions made by the State with regard to when he received notice of the extraneous offenses; however, he refused to stipulate that Appellant was the person who took the photographs in question. Appellant's counsel also objected to the testimony of T.M. and the photographs under Texas Rule of Evidence 404(b) and section 3(g) of article 37.07 of the Texas Code of Criminal Procedure, arguing that the State did not provide Appellant reasonable notice that it intended to introduce the photographs into evidence. Counsel for Appellant also argued that he needed an investigator to help him prepare an effective defense against the photographs because the photographs could yield fin-

1.  Section 3(g) of article 37.07 of the Texas Code of Criminal Procedure mandates that after a timely request by the defendant, the State shall notify the defendant of its intention to introduce into evidence "any matter the trial court deems relevant to sentencing" in the same manner required by rule 404(b) of the Texas Rules of Evidence. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1), (g) (Vernon 2003). If the State intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. *Id.* This notice requirement applies only if the defendant makes a timely request to the attorney representing the State for the notice. *Id.*

2.  Rule 404(b) of the Texas Rule of Evidence states that although evidence of other crimes, wrongs or acts is not admissible to prove the character of a person to demonstrate action "in conformity therewith," it may be admissible for other purposes, provided that upon timely request by the accused, the State gives reasonable notice in advance of trial that it intends to introduce such evidence in the State's case-in-chief. TEX.R. EVID. 404(b).

gerprints or other exculpatory evidence. The trial court overruled Appellant's motion to exclude T.M.'s testimony and the accompanying evidence; however, it appointed an investigator to aid Appellant in investigating the photographs.

Later that same day, T.M. testified outside the presence of the jury. When shown the two pictures, T.M. testified that one of the pictures was of him and another person, and the other picture was of him wearing "nothing." He also stated that Appellant, also known as "T.A.," was the person who operated the camera that captured those images and that "T.A." told him "not to tell anybody" about the pictures.

After T.M. and another child testified, Appellant orally moved for a continuance in order to conduct a thorough investigation and defend the allegation that Appellant took the photographs of T.M. The State argued against the motion, stating that it would only introduce the pictures and T.M.'s testimony in the punishment phase of the trial if Appellant was found guilty and that Appellant could question any of the State's witnesses about the pictures during the guilt/innocence phase of the trial, if he wanted to do so. The trial court overruled Appellant's motion for a continuance but allowed Appellant to re-urge the motion at the beginning of the punishment phase if Appellant was found guilty.

On Wednesday, January 30, the State took testimony from two other children outside the presence of the jury and presented its case-in-chief to the jury on Thursday, January 31, and Friday, February 1. On Monday, February 4, both sides rested and made closing arguments. Later that morning, the jury returned from deliberations and found Appellant guilty on both counts of indecency with a child. Before the punishment phase of the trial

began, Appellant filed a motion for continuance, arguing that he needed more time to conduct an investigation into the circumstances surrounding T.M.'s testimony and the two photographs. The State argued that Appellant "had more than enough time to prepare for this case" because it had been "10 or 11 days since he's even been aware that those photographs existed." The trial court overruled Appellant's motion for a continuance and allowed the case to proceed to the punishment phase. Before any of T.M.'s testimony or the pictures were introduced into evidence, Appellant renewed his motion to exclude such evidence, and the trial court summarily denied the motion.

After the punishment phase ended, the jury sentenced Appellant to twenty years of imprisonment on each count and imposed a $7,500.00 fine for each conviction. The State then moved to cumulate Appellant's sentences, and the trial court ordered that Appellant serve the two twenty-year sentences consecutively.

On appeal, Appellant contends that a new trial must be granted as to the punishment he received because the trial court erred in admitting T.M.'s testimony and the accompanying photographs.

### NOTICE OF EXTRANEOUS OFFENSES

After a timely request by the defendant, the State must provide "reasonable notice ... in advance of trial" of its intent to introduce extraneous conduct evidence. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon 2003); TEX.R. EVID. 404(b). The purpose of the notice requirement is to avoid unfair surprise and trial by ambush. *Henderson v. State*, 29 S.W.3d 616, 625 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). Because these rules provide only minimal details regarding the manner in which notice is given, the reasonableness of the State's notice

turns on the facts and circumstances of each individual case. *Scott v. State,* 57 S.W.3d 476, 480 (Tex.App.-Waco 2001, pet. ref'd). The trial court's decision to admit extraneous offense evidence during the punishment phase of a trial is reviewed under an abuse of discretion standard; therefore, we will not reverse the trial court's ruling if it was within the "zone of reasonable disagreement." *Id.* (citing *Mitchell v. State,* 931 S.W.2d 950, 953 (Tex.Crim.App.1996)). In the absence of reasonable notice, however, a trial court's decision to admit evidence of an extraneous offense constitutes an abuse of discretion. *Id.* at 481.

■ After a thorough review of the record in this case, we hold that the trial court did not abuse its discretion in allowing the State to introduce T.M.'s testimony and the accompanying photographs. The State gave Appellant notice of the evidence the day after it became aware that the evidence existed. The trial court also appointed an investigator to aid Appellant in his investigation of the pictures and T.M.'s testimony. The extraneous offense evidence was not presented to the jury until ten days after Appellant received notice from the State that the evidence existed. During these ten days, Appellant's investigator had the opportunity to investigate the photographs and T.M.'s testimony. Apparently, the investigation was fruitless because Appellant did not introduce any evidence to controvert T.M.'s testimony.

This is not a case where the State "laid behind the log" in order to ambush or surprise Appellant. Notice was given immediately after the State learned about the evidence, and Appellant had the opportunity to cross-examine T.M. about the pictures and his testimony. Other courts have also looked at the peculiar circumstances of certain cases and have found that the State's notice was reasonable even though the defendant received less than ten days notice. *See Scott,* 57 S.W.3d at 483 (notice given six days before trial was reasonable); *Henderson,* 29 S.W.3d at 625 (notice given during trial but eight days before evidence introduced was reasonable); *Patton v. State,* 25 S.W.3d 387, 393 (Tex.App.-Austin 2000, pet. ref'd.) (notice given one day before trial began but four days before evidence introduced was reasonable).

The trial court did not abuse its discretion in admitting the extraneous offense evidence; therefore, Appellant's issue is overruled.

### DENIAL OF MOTION FOR CONTINUANCE

■ In one sub-issue, Appellant contends that the trial court erred in denying his oral and written motions for continuance in order to investigate T.M.'s testimony and the accompanying photographs. On January 29, 2002, before T.M. testified, Appellant urged an oral motion for continuance. Appellant also filed a handwritten motion for continuance after the jury returned its guilty verdict on February 4. The trial court denied both motions.

Before T.M. testified on January 29, Appellant's counsel told the court that he had discovered 1) the name of the person in the photograph with T.M., 2) a "potential third party witness to the [taking of the] photographs," 3) that the photographs were not found in the defendant's prior residence as the State had claimed, but were found in the residence of the person in the photograph with T.M., and 4) that the family members of the victims listed in the indictment found the photographs of T.M.

■ When, as here, a defendant requests a continuance based on the absence of a witness, the motion requesting the continuance must state

1. The name of the witness and his residence, if known, or that his residence is not known.
2. The diligence which has been used to procure his attendance; and it shall not be considered sufficient diligence to have caused to be issued, or to have applied for, a subpoena, in cases where the law authorized an attachment to issue.
3. The facts which are expected to be proved by the witness, and it must appear to the court that they are material.
4. That the witness is not absent by the procurement or consent of the defendant.
5. That the motion is not made for delay.
6. That there is no reasonable expectation that attendance of the witness can be secured during the present term of court by a postponement of the trial to some future day of said term. The truth of the first, or any subsequent motion, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right. If a motion for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the motion was of a material character, and that the facts set forth in said motion were probably true, a new trial should be granted, and the cause continued or postponed to a future day of the same term.

TEX.CODE CRIM. PROC. ANN. art. 29.06 (Vernon 2003). The only means of preserving error in the overruling of a motion for continuance due to the absence of a witness, or newly discovered evidence, is by motion for new trial. *Tucker v. State,* 109 S.W.3d 517, 520–21 (Tex.App.-Tyler 1999, pet. ref'd). The trial court's ruling on a motion for continuance is reviewed for abuse of discretion. *Vasquez v. State,* 67 S.W.3d 229, 240 (Tex.Crim.App.2002). To establish an abuse of discretion, the defendant must show that he was actually prejudiced by the denial of the motion. *Id.*

In the instant case, Appellant failed to properly preserve this sub-issue for review because he did not file a motion for new trial. *See Burns v. State,* 923 S.W.2d 233, 237 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd). Even if Appellant had filed a motion for new trial, he has not demonstrated how he was prejudiced by the trial court's denial of the motion. On the day T.M. testified, he had discovered information relating to the photographs of T.M. and the adult male who was also in the photographs. T.M.'s testimony was presented to the jury ten days later; however, Appellant did not call the adult male or any other person to testify and rebut T.M.'s testimony. Furthermore, T.M. did not show any diligence used in attempting to locate those persons or any other witnesses in order to procure their testimony. Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant's motion for continuance. Appellant's sub-issue is overruled.

### CONCLUSION

The trial court did not abuse its discretion by admitting T.M.'s testimony or denying Appellant's motion for continuance. Therefore, Appellant's sentence is *affirmed.*