In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00093-CR
______________________________


DAVID RILEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 04-0420X


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          David Riley appeals from his conviction by a jury for two counts of sexual assault
and two counts of improper sexual activity with a person in custody.


 The jury assessed
punishment on each of the two counts of sexual assault at twenty years' imprisonment and
assessed two years' confinement on each of the remaining two counts. The trial court
sentenced Riley in accordance with the jury verdicts and ordered the sentences for the two
counts of sexual assault to run consecutively. Riley appeals, contending that the trial court
erred in denying his motion for continuance and that he received ineffective assistance of
counsel at trial. We overrule these contentions and affirm the judgment. 
          Riley was a detention officer at a juvenile center. B.T., a sixteen-year-old juvenile
who was in custody there, accused Riley of causing the juvenile to insert his penis into
Riley's anus, and alleged that Riley performed oral sex on him. The acts allegedly
occurred in a portion of the facility with no video surveillance, while B.T. was helping Riley
clean the facility after most of the inmates had been locked away for the night. 
          The State provided testimony about the layout of the facility, confirming that B.T.
had been out working that night and that juveniles were not to be taken into the area where
the acts allegedly occurred. B.T. told another detention officer about the acts the next day. 
The officer took B.T.'s underwear and kept it pending investigation. The State had the
underwear tested for DNA. The State's expert, Carolyn Van Winkle, testified that she
identified B.T.'s sperm and that epithelial (skin) cell samples taken from the inside front of
the underwear matched Riley. She also testified that the amount of epithelial samples
found was a relatively large quantity and that casual contact would usually only transfer a
minimal amount. 
          Riley contends the trial court abused its discretion in denying his pretrial motion for
continuance. He contends that, because the State did not provide him with a copy of the
report on the DNA testing until three weeks before the case was set for trial, he did not
have time to retain his own DNA expert and thus could not adequately rebut the strongest
evidence presented by the State. He filed a motion seeking continuance March 11, 2005. 
That motion was denied March 15, 2005, the date trial commenced.
          Riley's contentions on appeal present two related arguments: first, that the
continuance should have been granted, and second, that counsel was constitutionally
ineffective because of the court's refusal to allow him enough time to obtain and retain the
expert assistance he needed to effectively attack the State's DNA testimony. 
          A trial court's ruling on a motion for continuance is reviewed for abuse of its
discretion. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000); Heiselbetz v.
State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); see Tex. Code Crim. Proc. Ann. arts.
29.03, 29.06(6) (Vernon 1989). To establish an abuse of discretion, there must be a
showing that the defendant was actually prejudiced by the denial of his or her motion. 
Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); Heiselbetz, 906 S.W.2d
at 511–12. 
          The State contends we should apply the rationale of Dewberry v. State, 4 S.W.3d
735, 756 (Tex. Crim. App. 1999), and conclude that counsel did not show adequate
diligence in pursuing the remedy. In that case, counsel for Dewberry knew two months
before trial what testimony was wanted from a witness, and of that witness' importance
long before that, but did not attempt to subpoena such witness until after the trial started,
and did not file a written request for a continuance until the defense had presented all its
evidence and rested its case. On those facts, the court concluded the defendant did not
meet the requirement for diligence set out in Article 29.06 and thus preserved no error with
his untimely written motion for continuance.


 Id. That case provides some support for the
State's position, but is not conclusive, as it addresses a post-trial request for continuance
rather than a pretrial motion, and far less diligence is shown under the facts of Dewberry
than in the instant case.
          In this case, the sworn motion for continuance indicates counsel knew three months
before trial that samples had been taken and sent for DNA analysis. The motion does not,
however, state that counsel was unaware of the results of the analysis. The motion seeks
more time because counsel did not receive a copy of the report itself until three weeks
before trial. The motion reflects that the report was completed November 30, 2004. We
have no record of a hearing on the motion, but before voir dire commenced on the day of
trial, the court stated it had discussed the motion the preceding Friday, and further stated
that counsel "was informed of the results of the report in December . . . ." Counsel did not
take issue with the court's summary of events, save only to provide the exact date when
the report itself was actually presented to him, by fax on February 22, 2005. 
          As previously stated, whether to grant a continuance is vested in the sound
discretion of the trial court, and reversal is justified only when it is shown the trial court has
abused its discretion. Hernandez v. State, 643 S.W.2d 397, 399 (Tex. Crim. App. 1982). 
To obtain a continuance because of the absence of a witness, a defendant must show,
among other things, he or she exercised due diligence to secure the witness' attendance. 
Tex. Code Crim. Proc. Ann. art. 29.06(2) (Vernon 1989). In this case, information was
before the court to show that counsel was aware of the results of the test for more than
three months before trial, but had not made any effort to pursue the matter earlier. 
Although it appears the State did not provide the formal report in a timely fashion, the
record indicates counsel was already aware of the results. In light of that information,
counsel had much more than the three weeks that he posits to obtain expert assistance
and a separate DNA review.
          In situations where a witness is not subpoenaed until near the date of trial, courts
regularly hold that the party has failed to exercise the due diligence necessary to support
a motion for continuance. Peoples v. State, 477 S.W.2d 889, 891 (Tex. Crim. App. 1972);
see also Norton v. State, 564 S.W.2d 714, 716–17 (Tex. Crim. App. [Panel Op.] 1978);
Hughes v. State, 962 S.W.2d 89, 90 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)
(expert witness left country, no subpoena sought until shortly before trial was to
commence—diligence not shown).
          Similarly, we conclude in this case that the trial court acted within its discretion in
concluding that diligence was not shown by counsel because of the time that had elapsed
since counsel was informed of the results of the analysis—with no effort made to obtain
an expert. 
          We also recognize there is authority that the only means of preserving error in the
overruling of a motion for continuance due to the absence of a witness, or newly
discovered evidence, is by motion for new trial. Tucker v. State, 109 S.W.3d 517, 520–21
(Tex. App.—Tyler 1999, pet. ref'd). To establish the necessary abuse of discretion, the
defendant must show he or she was actually prejudiced by the denial of the motion. 
Vasquez v. State, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).



          Under that authority, the issue in the present case has not been preserved for
review because Riley did not file a motion for new trial. See Burns v. State, 923 S.W.2d
233, 237 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). Without a motion for new trial,
Riley has not demonstrated how he was prejudiced by the trial court's denial of the motion. 
See Owens v. State, 119 S.W.3d 439, 445 (Tex. App.—Tyler 2003, no pet.).
          Accordingly, Riley has demonstrated neither error nor harm. The contention of error
is overruled. 
          Riley also contends that, because of this failure, he necessarily received ineffective
assistance of counsel. To show that trial counsel was ineffective, an appellant must
demonstrate that: 1) trial counsel's performance was deficient because it fell below an
objective standard of reasonableness; and 2) a probability sufficient to undermine
confidence in the outcome existed that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 689
(1984). Application of that standard requires our scrutiny of counsel's performance to be
highly deferential, and we are to indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance. Id. Thus, the defendant must
overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Id.; Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim.
App. 2003).
          Although the complained-of failure can reasonably raise a question about trial
counsel's preparation for trial, in the absence of any indication how the testimony of an
expert might have assisted Riley in his defense, and because trial counsel has not had an
opportunity to respond to these areas of concern, ineffective assistance has not been
shown. 
          The Texas Court of Criminal Appeals has repeatedly stated that the record on direct
appeal will generally not be sufficient to show that counsel's representation was so
deficient as to meet the first part of the Strickland standard. Rylander, 101 S.W.3d at 110;
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). This is such a situation. 
The contention is overruled.
          Because we hold the trial court did not abuse its discretion in denying Riley's motion
for continuance and because Riley has not shown his trial counsel rendered ineffective
assistance, we affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      November 4, 2005
Date Decided:         November 29, 2005 

Do Not Publish