Opinion filed August 5,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00062-CR

                                                    __________

 

                                  
DAVID KIP GILLMORE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                      Trial
Court Cause No. 13553



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted David Kip Gillmore of engaging in organized criminal activity
and assessed his punishment at fifty-five years confinement.  We affirm.

I. 
Background Facts

             
In January 2007, the Mineral Wells/Palo Pinto County City-County Narcotics Unit
received a complaint about a possible clandestine methamphetamine lab.  They
investigated and discovered a methamphetamine lab and drugs on the property of
Gregory Don Gillmore, appellant’s brother.  Several weeks later, the Walgreens pharmacy
in Mineral Wells contacted the Department of Public Safety to report suspicious
purchases of pseudoephedrine by three individuals.  The DPS checked these names
against pharmacy logs at other nearby pharmacies and determined that a pattern
of suspicious behavior existed.  The DPS determined that, from October 2006
through August 2007, this group purchased 283 boxes of pseudoephedrine.  They
were also observed purchasing items  commonly used in the manufacture of
methamphetamine including starter fluid and dry ice.  Ultimately, Gillmore and
five other individuals were charged with engaging in organized criminal activity
by conspiring to manufacture methamphetamine.  When Gillmore was arrested,
police found a baggie that field-tested positive for methamphetamine, several
boxes of Sudafed, and a box of lithium-type batteries.

II. 
Issues

            Gillmore
does not challenge the sufficiency of the evidence but does challenge his
conviction with five other issues grouped into two categories.  Gillmore
contends first, that the trial court erred by overruling his objection to the
State’s challenge for cause of two veniremembers, and second, by admitting
evidence of extraneous acts.

III. 
The State’s Challenges for Cause

            The
State challenged several veniremembers for cause.  Gillmore objected to two of
these challenges, contending that neither had made an unequivocal statement supporting
a challenge for cause.  He alternatively requested the opportunity to examine
them further or for two additional peremptory challenges.  The trial court
overruled his objections and denied his requests for alternative relief.

A.    
 Standard of Review.

            The
State may challenge a veniremember for cause if he or she has a bias or
prejudice against any phase of the law upon which the State is entitled to rely
for conviction or punishment.  Tex. Code
Crim. Proc. Ann. art. 35.16(c)(2) (Vernon 2006).  The test is whether
the bias or prejudice would substantially impair the veniremember’s ability to
carry out the oath and instructions in accordance with the law.  Feldman v.
State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).  But before a prospective
juror may be excused for cause, the law must be explained to them, and they
must be asked whether they can follow that law regardless of their personal
views.  Gardner v. State, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). 
The proponent of a challenge for cause has the burden of establishing that the
challenge is proper.  Id.  The proponent does not meet this burden until
the proponent shows that the veniremember understood the requirements of the
law and could not overcome his or her prejudice well enough to follow the law. 
Id.

            We
review a trial court’s ruling on a challenge for cause with considerable
deference because the trial court is in the best position to evaluate a
veniremember’s demeanor and responses.  Feldman, 71 S.W.3d at 744.  We
reverse a trial court’s ruling on a challenge for cause only if a clear abuse
of discretion is evident.  Colburn v. State, 966 S.W.2d 511, 517 (Tex.
Crim. App. 1998).  When a veniremember’s answers are vacillating, unclear, or
contradictory, we accord particular deference to the trial court’s decision.  Id. 


B.    
 Did the Trial Court Err? 

            At
trial, the State objected to Veniremember Turner because he could not
objectively evaluate the testimony of a witness who received a plea bargain and
to Veniremember Downey because she said she had problems being fair and
impartial.  In its brief, the State merely alleges that the total voir dire
record makes clear that both veniremembers “stated an inability to be a fair
and impartial juror.”

We
have reviewed the entire voir dire and find no instance in which Veniremember Turner
indicated an inability to evaluate the testimony of a witness who received a
plea bargain or otherwise expressed an inability to be fair and impartial.  Veniremember
Downey was troubled by an individual receiving preferential treatment for
turning on others, considered punishment without rehabilitation ineffective,
and believed that everyone who participated in a criminal transaction should be
treated equally.  Even if we assume that any of these statements constituted a
bias or prejudice sufficient to support a challenge for cause, she was not
instructed on the law or asked whether she could follow that law regardless of
her personal views.  Cf. Gardner, 306 S.W.3d at 295 (explaining the predicate
for striking a veniremember for cause).  Because Veniremember Downey was not
afforded this opportunity, the trial court erred when it overruled Gillmore’s
objections.

C.    
 Was Gillmore Harmed? 

            Absent
a showing of constitutional error, which Gillmore does not allege, his rights
are affected only by harm caused by jurors who served on the case, not by those
excused from service.  Jones v. State, 982 S.W.2d 386, 391-94 (Tex.
Crim. App. 1998) (an improperly granted challenge for cause is not
constitutional error – as long as the juror was not struck for discriminatory
reasons – thus, the defendant’s substantial rights are unimpaired unless the
error deprived him of a lawfully constituted jury).

            Gillmore
argues that he was harmed because the State effectively received two additional
peremptory challenges and because, if he had received the two additional
challenges he requested, he would have used those on veniremembers who served
on the jury.  After the jury was seated and instructed, Gillmore told the trial
court that, if allowed, he would have struck Veniremembers Lee and Tunnell. 
However, he did not advise the trial court nor does he explain to this court
why their service deprived him of a lawfully constituted jury.  He has, therefore,
failed to show harm, and Issue One is overruled.

IV. 
Extraneous Acts Evidence

            Gillmore
next complains about the admission of extraneous acts evidence.  He argues in Issues
Two and Three that the trial court improperly admitted evidence without the
State first providing reasonable notice as required by Tex. R. Evid. 404(b) that he threatened an alleged
coconspirator and purchased over-the-counter drugs.  In Issue Four, Gillmore
argues that the trial court erred by admitting this evidence without proof
beyond a reasonable doubt that he committed the extraneous act.  In Issue Five,
Gillmore complains that the extraneous offense evidence was more prejudicial
than probative.

A.    
 Standard of Review. 

            We
review the trial court’s ruling on the admissibility of evidence under an abuse
of discretion standard.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim.
App. 2001).  This requires appellate courts to uphold a trial court’s
admissibility decision when that decision is within the zone of reasonable
disagreement.  Id.  

B.    
Reasonable Notice. 

            The
Friday afternoon before trial started, the State provided Gillmore with notice
that it intended to introduce evidence that he had threatened Andy Self, a
witness.  The State represented to the trial court that it did not learn of the
evidence until Friday morning.[1] 
The State also introduced evidence that Gillmore purchased pseudoephedrine
after he was indicted.  The record does not indicate if the State provided specific
notice of the pseudoephedrine purchases, but this evidence came in through
business record affidavits that were filed months before trial started.

            Whether
notice is reasonable depends upon the facts and circumstances of each
individual case.  Owens v. State, 119 S.W.3d 439, 443-44 (Tex.
App.—Tyler 2003, no pet.).  Even short notice may be reasonable when the State
immediately informs defense counsel of the evidence upon its discovery.  See
Patton v. State, 25 S.W.3d 387, 391-92 (Tex. App.—Austin 2000, pet. ref’d)
(upholding the admission of a prior conviction where the prosecutor first
learned of it two days before trial and gave immediate notice thereafter). 
However, courts have also held that providing notice the Friday before trial
starts was unreasonable.  See Neuman v. State, 951 S.W.2d 538, 540 (Tex.
App.—Austin 1997, no pet.).  

            We
need not determine if the State provided reasonable notice in this case because
Gillmore did not file a motion for continuance.  Martin v. State, 176
S.W.3d 887, 900 (Tex. App.—Fort Worth 2005, no pet.) (defendant must seek a
continuance to preserve a complaint about insufficient notice).  Because
Gillmore’s complaint was not preserved, Issues Two and Three are overruled.  

C.    
Evidence of Threats. 

            Gillmore
complains in Issue Four that the trial court erred by admitting evidence that
he threatened Self and purchased pseudoephedrine because there was insufficient
evidence that he did so, because these were not extraneous acts, and because
this evidence was more prejudicial than probative.  The State contends that
these contentions have been waived because of counsel’s statement during the
charge conference:

            I’ll
also ask that the record reflect that during the preliminary charge conference
we had in the Court’s chambers, we agreed again, as a matter of trial strategy,
to withdraw our earlier objections to evidence of purchases of pseudoephedrine
made by many of the members of the alleged conspiracy after the date of the
indictment.  And we are, again, doing that as a matter of trial strategy; and
we ask the Court to accept our withdrawal of that objection.

 

The State is
correct that Gillmore has waived any complaint about the admission of
pseudoephedrine purchases, and we overrule Issues Four and Five to this extent. 
But the State, unfortunately, offers no argument in support of the trial
court’s admission of evidence that Gillmore threatened Self.

            When
Gillmore first raised the admissibility of threat evidence, the trial court
deferred a ruling and indicated a concern that this evidence might be more
admissible in a punishment phase than in the guilt/innocence phase, but it
suggested that the evidence might be admissible as a consciousness of guilt.  The
Texas Court of Criminal Appeals has held that criminal acts that are designed
to reduce the likelihood of prosecution or conviction are admissible under Rule
404(b) as showing consciousness of guilt.  Ransom v. State, 920 S.W.2d
288, 299 (Tex. Crim. App. 1994).  These acts include threats against witnesses,
Rodriguez v. State, 577 S.W.2d 491, 492-93 (Tex. Crim. App. 1979), and
their families, Brown v. State, 657 S.W.2d 117, 119 (Tex. Crim. App.
1983).

            Self
testified that Gillmore threatened him twice.  The first time occurred when
Self delivered some Sudafed.  Self testified that Gillmore threatened to kill
him if he ever told anyone.  The second time occurred while they were riding
together and Gillmore started driving 95 to 100 miles per hour.  Gillmore then
asked Self if he was going to testify against him.  Self said no, and Gillmore
warned him that testifying could get him or his family killed. 

            The
trial court did not abuse its discretion in concluding that this was evidence
of a consciousness of guilt.  Nor did the trial court abuse its discretion by
concluding that the probative value of this evidence outweighed its prejudice. 
Unfair prejudice refers to an undue tendency to suggest a decision on an
improper basis.  Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim. App.
1999).  Self’s testimony described threats that were directly connected to the
offenses for which Gillmore was indicted.  Issues Four and Five are overruled.

V.  Conclusion

            The judgment of the
trial court is affirmed.

 

                                                                              

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

August 5, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Self later testified that he entered into an agreement
with the State on Friday in which he agreed to testify against Gillmore in
exchange for an eight-year deferred adjudication sentence.