**Opinion filed August 5, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00062-CR
_____

## DAVID KIP GILLMORE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13553**

## MEMORANDUM OPINION

The jury convicted David Kip Gillmore of engaging in organized criminal activity and assessed his punishment at fifty-five years confinement. We affirm.

### I. *Background Facts*

In January 2007, the Mineral Wells/Palo Pinto County City-County Narcotics Unit received a complaint about a possible clandestine methamphetamine lab. They investigated and discovered a methamphetamine lab and drugs on the property of Gregory Don Gillmore, appellant's brother. Several weeks later, the Walgreens pharmacy in Mineral Wells contacted the Department of Public Safety to report suspicious purchases of pseudoephedrine by three

individuals. The DPS checked these names against pharmacy logs at other nearby pharmacies and determined that a pattern of suspicious behavior existed. The DPS determined that, from October 2006 through August 2007, this group purchased 283 boxes of pseudoephedrine. They were also observed purchasing items commonly used in the manufacture of methamphetamine including starter fluid and dry ice. Ultimately, Gillmore and five other individuals were charged with engaging in organized criminal activity by conspiring to manufacture methamphetamine. When Gillmore was arrested, police found a baggie that field-tested positive for methamphetamine, several boxes of Sudafed, and a box of lithium-type batteries.

## II. *Issues*

Gillmore does not challenge the sufficiency of the evidence but does challenge his conviction with five other issues grouped into two categories. Gillmore contends first, that the trial court erred by overruling his objection to the State's challenge for cause of two veniremembers, and second, by admitting evidence of extraneous acts.

## III. *The State's Challenges for Cause*

The State challenged several veniremembers for cause. Gillmore objected to two of these challenges, contending that neither had made an unequivocal statement supporting a challenge for cause. He alternatively requested the opportunity to examine them further or for two additional peremptory challenges. The trial court overruled his objections and denied his requests for alternative relief.

### A. *Standard of Review.*

The State may challenge a veniremember for cause if he or she has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment. TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (Vernon 2006). The test is whether the bias or prejudice would substantially impair the veniremember's ability to carry out the oath and instructions in accordance with the law. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). But before a prospective juror may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law regardless of their personal views. *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). The proponent of a challenge for cause has the burden of establishing that the challenge is proper. *Id*. The proponent does not meet this burden until the proponent shows that the veniremember

understood the requirements of the law and could not overcome his or her prejudice well enough to follow the law. *Id.*

We review a trial court's ruling on a challenge for cause with considerable deference because the trial court is in the best position to evaluate a veniremember's demeanor and responses. *Feldman*, 71 S.W.3d at 744. We reverse a trial court's ruling on a challenge for cause only if a clear abuse of discretion is evident. *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998). When a veniremember's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision. *Id.*

### B. Did the Trial Court Err?

At trial, the State objected to Veniremember Turner because he could not objectively evaluate the testimony of a witness who received a plea bargain and to Veniremember Downey because she said she had problems being fair and impartial. In its brief, the State merely alleges that the total voir dire record makes clear that both veniremembers "stated an inability to be a fair and impartial juror."

We have reviewed the entire voir dire and find no instance in which Veniremember Turner indicated an inability to evaluate the testimony of a witness who received a plea bargain or otherwise expressed an inability to be fair and impartial. Veniremember Downey was troubled by an individual receiving preferential treatment for turning on others, considered punishment without rehabilitation ineffective, and believed that everyone who participated in a criminal transaction should be treated equally. Even if we assume that any of these statements constituted a bias or prejudice sufficient to support a challenge for cause, she was not instructed on the law or asked whether she could follow that law regardless of her personal views. *Cf. Gardner*, 306 S.W.3d at 295 (explaining the predicate for striking a veniremember for cause). Because Veniremember Downey was not afforded this opportunity, the trial court erred when it overruled Gillmore's objections.

### C. Was Gillmore Harmed?

Absent a showing of constitutional error, which Gillmore does not allege, his rights are affected only by harm caused by jurors who served on the case, not by those excused from service. *Jones v. State*, 982 S.W.2d 386, 391-94 (Tex. Crim. App. 1998) (an improperly granted challenge for cause is not constitutional error – as long as the juror was not struck for

discriminatory reasons – thus, the defendant's substantial rights are unimpaired unless the error deprived him of a lawfully constituted jury).

Gillmore argues that he was harmed because the State effectively received two additional peremptory challenges and because, if he had received the two additional challenges he requested, he would have used those on veniremembers who served on the jury. After the jury was seated and instructed, Gillmore told the trial court that, if allowed, he would have struck Veniremembers Lee and Tunnell. However, he did not advise the trial court nor does he explain to this court why their service deprived him of a lawfully constituted jury. He has, therefore, failed to show harm, and Issue One is overruled.

IV. *Extraneous Acts Evidence*

Gillmore next complains about the admission of extraneous acts evidence. He argues in Issues Two and Three that the trial court improperly admitted evidence without the State first providing reasonable notice as required by TEX. R. EVID. 404(b) that he threatened an alleged coconspirator and purchased over-the-counter drugs. In Issue Four, Gillmore argues that the trial court erred by admitting this evidence without proof beyond a reasonable doubt that he committed the extraneous act. In Issue Five, Gillmore complains that the extraneous offense evidence was more prejudicial than probative.

A. *Standard of Review.*

We review the trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). This requires appellate courts to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.*

B. *Reasonable Notice.*

The Friday afternoon before trial started, the State provided Gillmore with notice that it intended to introduce evidence that he had threatened Andy Self, a witness. The State represented to the trial court that it did not learn of the evidence until Friday morning.[1] The State also introduced evidence that Gillmore purchased pseudoephedrine after he was indicted. The record does not indicate if the State provided specific notice of the pseudoephedrine purchases,

---

[1]Self later testified that he entered into an agreement with the State on Friday in which he agreed to testify against Gillmore in exchange for an eight-year deferred adjudication sentence.

but this evidence came in through business record affidavits that were filed months before trial started.

Whether notice is reasonable depends upon the facts and circumstances of each individual case. *Owens v. State*, 119 S.W.3d 439, 443-44 (Tex. App.—Tyler 2003, no pet.). Even short notice may be reasonable when the State immediately informs defense counsel of the evidence upon its discovery. *See Patton v. State*, 25 S.W.3d 387, 391-92 (Tex. App.—Austin 2000, pet. ref'd) (upholding the admission of a prior conviction where the prosecutor first learned of it two days before trial and gave immediate notice thereafter). However, courts have also held that providing notice the Friday before trial starts was unreasonable. *See Neuman v. State*, 951 S.W.2d 538, 540 (Tex. App.—Austin 1997, no pet.).

We need not determine if the State provided reasonable notice in this case because Gillmore did not file a motion for continuance. *Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.—Fort Worth 2005, no pet.) (defendant must seek a continuance to preserve a complaint about insufficient notice). Because Gillmore's complaint was not preserved, Issues Two and Three are overruled.

### C. Evidence of Threats.

Gillmore complains in Issue Four that the trial court erred by admitting evidence that he threatened Self and purchased pseudoephedrine because there was insufficient evidence that he did so, because these were not extraneous acts, and because this evidence was more prejudicial than probative. The State contends that these contentions have been waived because of counsel's statement during the charge conference:

> I'll also ask that the record reflect that during the preliminary charge conference we had in the Court's chambers, we agreed again, as a matter of trial strategy, to withdraw our earlier objections to evidence of purchases of pseudoephedrine made by many of the members of the alleged conspiracy after the date of the indictment. And we are, again, doing that as a matter of trial strategy; and we ask the Court to accept our withdrawal of that objection.

The State is correct that Gillmore has waived any complaint about the admission of pseudoephedrine purchases, and we overrule Issues Four and Five to this extent. But the State, unfortunately, offers no argument in support of the trial court's admission of evidence that Gillmore threatened Self.

When Gillmore first raised the admissibility of threat evidence, the trial court deferred a ruling and indicated a concern that this evidence might be more admissible in a punishment phase than in the guilt/innocence phase, but it suggested that the evidence might be admissible as a consciousness of guilt. The Texas Court of Criminal Appeals has held that criminal acts that are designed to reduce the likelihood of prosecution or conviction are admissible under Rule 404(b) as showing consciousness of guilt. *Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994). These acts include threats against witnesses, *Rodriguez v. State*, 577 S.W.2d 491, 492-93 (Tex. Crim. App. 1979), and their families, *Brown v. State*, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983).

Self testified that Gillmore threatened him twice. The first time occurred when Self delivered some Sudafed. Self testified that Gillmore threatened to kill him if he ever told anyone. The second time occurred while they were riding together and Gillmore started driving 95 to 100 miles per hour. Gillmore then asked Self if he was going to testify against him. Self said no, and Gillmore warned him that testifying could get him or his family killed.

The trial court did not abuse its discretion in concluding that this was evidence of a consciousness of guilt. Nor did the trial court abuse its discretion by concluding that the probative value of this evidence outweighed its prejudice. Unfair prejudice refers to an undue tendency to suggest a decision on an improper basis. *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). Self's testimony described threats that were directly connected to the offenses for which Gillmore was indicted. Issues Four and Five are overruled.

## V. *Conclusion*

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

August 5, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6