*1093-14*

Stephen C. Shockley
Appellant

§
§
§

In The Court of
Criminal Appeals
Of Texas

V.

The State of Texas
Appellee

§
§
§

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 3 0 2015

Abel Acosta, Clerk

Pro-se Motion for Rehearing of
Petition for Discretionary Review (PDR)
TR # 366-82727-09    5COA# 05-12-01018CR    PD# PD-1093-14

FILED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

Now comes appellant Stephen C. Shockley asking this court to rehear his Petition for Discretionary Review. Petition was submitted on 26 Oct 14 supplemented on 18 Dec 14 and refused on 14 Jan 15.

In accordance with Texas Rule of Appellate Procedure (TRAP) 79.2(c) appellant hereby certifies that this motion for rehearing is made in good faith, not for the purpose of delay but rather in the interest of expedient justice at the lowest level possible.

On 30 Jul 14 the 5th Court of Appeals issued it's opinion affirming appellant's conviction, and on 19 Aug 14 this court granted a "one-time" 60 day extension to file pro-se PDR. Extension was granted in part to allow acquisition of the Report's Record. Prior to, and during the period of extension, neither the trial court, appellate counsel nor the 5th Court of Appeals found themselves willing to provide a copy of the transcript to the appellant. The latter having denied appellant's formal indigent request under TRAP 20.02 in it's opinion dated 2 Oct 14 -- this in oposition to it's own indigency finding on 25 Mar 13, the trial court's finding likewise on 27 Feb 13 and this court's holding concerning equal protection in Blackshear v. State, 342 S.W.3d 777, 781 (Tex.App.-Houston [14th Dist] 2011) and 385, S.W.3d 589 (Tex.Crim.App 2012) et al.

Lacking access to the Report's Record, the PDR now refused by this court was not adequately perfected and was unable to point this court to those trial events which substantiate appellant's claim of error on the part of the 5th Court of Appeals. When a Texas court of appeals commits error such that a conviction is wrongly affirmed, the appellant has but one avenue of redress. Such is to petition this court under TRAP 68 to exercise it's discretion to

Pg 1

review the lower court's decision. When this court refused appellant's petition to do so, it effectively fired the last sentry guarding his right to a fair trial on the merits. Appellant notes that he was opposed in his persistent attempts to obtain the Reporter's Record so that a factually effective and persuasive petition might be presented. Lacking such record and within the extension granted by this court, appellant timely submitted his PDR on 26 Oct 14. Having now acquired and reviewed the Report's Record and the 5th Court of Appeals affirming Opinion, appellant seeks rehearing of his petition and directs the court's attention as follows:

**PDR GROUND ONE:** (Concerning the 5th Court of Appeals failure to issue an opinion in accordance with TRAP 47.1 on a ground presented during direct appeal)

At trial, defense counsel objected to the State having offered an alleged extraneous offense witness without having met the notice requirement of Texas Rule of Evidence (TRE) 404(b). (RR Vol 4, pg7 line 11-13 and pg8 line 8-16. cf Appellant's Brief on Direct @ pg9) In response, the State asserted that a.) It's discovery agreement waived notice under TRE 404(b), (RR Vol 4, pg8 line 19-24) and b.) That the defense should not have been surprised by the State's knowledge of the extraneous allegation (RR Vol 4, pg8 line 24 - pg9 line 5)

Although presented on Direct Appeal (Appellant's Brief @ pg9), the 5th Court of Appeals failed to rule on the State's non-compliance with the notice pro- vision of Rule 404(b). Such a ruling is required under TRAP 47.1. In asking the court to rehear his petition, the appellant points to the record and asserts the following specific error on the part of the 5th Court of Appeal:
° The discovery agreement presented in State's Exhibit #5, (RR Vol 5, Exhibit 5, pg2) does in fact <u>not</u> waive all formal notice under Rule 404(b). Rather, the State's claim (RR Vol 4, pg8 line 19-24) is based on a spattering of hand-written add-ons between the lines of the agreement proper. The 5th Court of Appeals should have noted that such add-ons bear no indicia of reliability, or agreement by all parties (i.e. initials of signatories). Lacking such, the 5th Court of Appeals ought to have found the discovery agreement defective and unable to rightly excuse the State's lack of notice of intent to offer under Rule 404(b).

° Further, the 5th Court of Appeals erred when it let pass the State's contention that the extraneous offense was "not a surprise in this case." (RR Vol 4, pg9 line 4-5) As appellant makes clear in his petition, this court has long held that "awareness" isn't the issue addressed by law here; "notice of intent to offer", is. cf Buchanan v. State, 911 S.W.2d 11, 15 (Tex.Crim.App. 1995), Owens v. State, 119 S.W.3d 439, 443-44 (Tex.App.-Tyler 2003), and Hernandez v. State, 176 S.W.3d 821, 823-24 (Tex.Crim.App. 2005). Given such, the 5th Court of Appeals should have found the State's claim of "defense awareness" insufficient to overcome the objection to the lack of notice of intent to offer.

Such errors point to the 5th Court of Appeals having wrongfully affirmed the actions of the trial court and will be more fully developed by competent legal counsel when discretionary review is granted.

PDR GROUND TWO: (Concerning the 5th Court of Appeals having affirmed the trial court's abuse of discretion in misapplying TRE 404(b))
Appellant's PDR addresses the 5th Court of Appeals error in affirming the trial court's misapplication of Rule 404(b) to allow an alleged extraneous offense when such bore no witness to any elemental or evidenciary fact in the instant case. Appellant now, having read the record, asserts additional error concerning the 5th Court of Appeals affirmation of the trial court's actions:
° It is well established that prior to declaring the door to other crimes, wrongs or acts "open" under TRE 404(b), the defense must "unambiguously create a false impression of law abiding behavior." Hernandez v. State, 351 S.W.3d 156, 159-60 (Tex.App.-Texarkana 2011). The State, as it proffered the alleged extraneous offense testimony asserted that defense counsel himself had opened the door during opening statements. (RR Vol 3, pg229 line 8-14, refering to statement at RR Vol 3, pg17 line 11-16). The requirement established in Hernandez v. State, supra is one of "unambiguously" creating a false impression. During trial, defense counsel stated that he had "been very careful not to do that..." and indeed the record well bears him out on that point. (RR Vol 3, pg157 line 20-25). Appellant contends then that it is an erroneous and unjust stretch for the 5th Court of Appeals to affirm the trial court's finding that defense counsel opened the door when he presented a series of "I think you will hear evidence that..." statements as the case opened. (RR Vol 3, pg17 line 11-16 et al.) These statements served merely to introduce the

jury to information that may be presented during the trial. Counsel's statements then being colloquial elements of introduction and not "unambiguous" assertions of fact. Thus the 5th Court of Appeals erred when it affirmed the trial court's finding that the door had been opened when in fact such a door was not opened.

° Further, this court should note that the record clearly shows that trial strategy was for appellant to refrain from testifying. (RR Vol 3, pg209 line 2 - page210 line 13) also (RR Vol 4, pg25 line 17-23). The record also makes clear that trial strategy changed and the appellant took the stand only as a direct result of the trial court having allwed the alleged extraneous offense testimony. (RR Vol3, pg223 line 14-15 and Vol 4, pg25 line 24-pg26 line 16).

The errors presented in ground two point to the 5th Court of Appeals having wrongfully affirmed the actions of the trial court and will be more fully developed by competent legal counsel when discretionary review is granted.

PDR GROUND THREE (Concerning the 5th Court of Appeals affirmation of the trial court's admission of "more heinous" propensity evidence clearly prohibited under TRE 404(b))

Evidence wrongly admitted under federal and Texas Rules of Evidence 404(b) forms the basis for more litigation and reversal on appeal than any other question of evidence. (Prof. Edward J. Imwinkelried, An Evidentiary Paradox, 2006, pg443 et al.) Rule 404(b) prohibits the use of extraneous offense evidence to show bad character and conduct in conformity therewith. The purpose of such prohibition being to ensure a defendant is tried only for the indicted offense, not for the prohibited cause of being a criminal in general. Supreme Court Justice Jackson opined in 1948 the court's sustained understanding of the dangers of extraneous offense testimony and it's power to "over persuade [a jury] to prejudice [a defendant] and deny him a fair opportunity to defend against a particular charge." Michelson v. United States, 335 U.S. 469, 475-76 (1948). Even so, courts can allow extraneous offense testimony under some circumstances, such as to rebut a defensive theory, as was allowed in the instant case. Courts however, run afoul of federal and Texas rules when, in the heat of trial, they admit evidence for an allowed purpose but th evidence is employed in a forbidden manner to do so. Where extraneous offense

testimony is concerned, no matter the purpose of it's admission, TRE 404(b) forbids accomplishment of the same via propensity, i.e. asserting "he did it before, he probably did it again." cf Pittman v. State, 321 S.W.3d 565 (Tex.App.-Houston [14th Dist] 2010) et al. To be rightly employed, extraneous offense evidence must bear witness to some evidenciary or elemental fact in the instant case. This court holds that "if the extraneous offense is not relevant apart from supporting an inferrence of character conformity, it is absolutely inadmissible under Rule 404(b)." Montgomery v. State, 810 S.W.2d 372, 387 (Tex.Crim.App 1990). Because the contours of Rule 404(b) require skillful navigation to avoid denial of a defendant's constitutional right to a fair trial, federal courts have long held that a "trial judge must articulate his rationale for admission or exclusion of an extraneous offense." United States v. Zabaneh, 837 F.2d 1249, 1263-66 (5th Cir. 1988), United States v. Hudson, 843 F.2d 1062, 1066-67 (7th Cir. 1988) et al.

° In the instant case, the State presented alleged extraneous offense testimony to rebut a defensive theory. Neither during defense counsel's challenge under TRE 404(b), nor his subsequent challenge under TRE 403 does the trial court engage in a clear articulation of the rationale surrounding it's decision to admit such testimony. The appellant contends, and the record bears out that the contested testimony presented no evidenciary or elemental facts to the jury, but rather relied on the forbidden inference of propensity to unlawfully bolster the claims of the complainant. In evaluating the appellant's claim that the trial court had abused it's discretion in admitting such testimony, the 5th Court of Appeals could not find any clearly articulated rationale for the trial court's action. Lacking such, they endeavored to loosely reconstruct the trial court's rationale through the lens of the existing verdict. (5th Court of Appeals Opinion, pg 7-9). Not surprisingly, yet in error, they affirmed the State's forbidden use of propensity testimony. The record reveals that the State aggressively employed such testimony to paint a substantially "more heinous" allegation calculated to incite the jury to convict on an unfair emotional basis. (RR Vol 4, pg14 line 10-23). Indeed, the State relied so heavily on this "more heinous" propensity evidence that in closing argument it emplored the jury to convict "because not only did he hurt Kristen so many years ago, he's hurt a second child [in the instant case]" (RR Vol 4, pg95 line 7-10). Such a statement goes well beyond a call

for law enforcement and compelled the jury to convict based on emotions en- raged by wrongfully admitted propensity testimony. Surely, in light of such, the supervisory powers of this court are well and fully invoked.

The error presented here points to the 5th Court of Appeals having wrongfully affirmed the actions of the trial court and will be more fully developed by competent counsel when discretionary review is granted.

**PDR GROUND FOUR** (Concerning whether an appellate court can affirm a trial court's admission of evidence that is subsequently disallowed for it's int- ended purpose by the charge of the jury)

Ground four was added to the appellant's PDR via supplement on 18 Dec 14 as a result of appellant acquiring the Report's Record on 2 Dec 14. Since this ground was written with benefit of the record, it is not addressed further in this motion for rehearing yet still requires the attention of this court.

PRAYER

Appellant was denied access to the record during preparation of his PDR dis- pite his substantial effort to acquire it. On 2 Dec 14, 35 days after PDR was due appellant received the Reporter's Record and now prays this court guard his right to a fair trial by either:

a.) rehearing his petition for discretionary review as well as the amplifi- cations presented herein (as a result of access to the record) or;

b.) resetting his date to submit PDR in light of the court's denial of the tools required to adequately prepare it the first time, or;

c.) resetting his case further and -- in light of error on the part of the 5th Court of Appeals as observed when comparing their Opinion to the Record -- allowing appellant to petition that court for rehearing on Direct pro-se.


Respectfully submitted on this 26th day of January, 2015,

Stephen C. Shockley, Pro-Se Appellant

TDC ID 1793928
2661 FM 2054, Coffield Unit
Tennessee Colony, TX 75884

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the enclosed Motion for Rehearing of Petition for Discretionary Review has been served on the Texas State Prosecuting Attorney via U.S. Mail, first-class postage pre-paid, properly enveloped and deposited in the Texas Department of Criminal Justice' H. H. Coffield Unit's P4 internal mailbox for outside mailing on this, the 26th day of January, 2015, addressed to:

Texas State Prosecuting Attorney
P.O. Box 13046
Austin, TX  78711


Stephen C. Shockley
TDC ID 1793928
2661 FM 2054 Coffield Unit
Tennessee Colony, TX 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

Steve Shockley 1793928
2661 FM 2054 Coffield Unit
Tennessee Colony, TX 75884

Legal Mail

NORTH TEXAS TX PDC
DALLAS TX 753

Texas Court of Criminal Appeals
P.O. Box 12308
Austin, TX
78711-2308

78711230808

FOREVER USA

FOREVER USA