PD-0234-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

March 2, 2015

ABEL ACOSTA, CLERK

NO.  PD_____-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

CURTIS CHARLES REICHLE,
**Appellant**

**VS.**

THE STATE OF TEXAS,
**Appellee**

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**From Appeal No. 06-14-00073-CR
out of the
Court of Appeals for the
SIXTH Judicial District at
Texarkana, Texas**

**J. Edward Niehaus
State Bar No. 24074812
225 W. Hickory St. Suite F
Denton, Texas 76201
Telephone:  (940) 600-1295**

**Jason@DefenseDFW.com
ATTORNEY FOR APPELLANT**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................iii

STATEMENT REGARDING ORAL ARGUMENT ................................................1

STATEMENT OF THE CASE ................................................................................2

STATEMENT OF PROCEDURAL HISTORY ........................................................3

STATEMENT OF FACTS.......................................................................................4

GROUND FOR REVIEW NUMBER ONE............................................................6

      **The Court of Appeals erred by failing to correctly conduct sufficiency of the evidence review as it applies to the burden of proof to which the State is held when analyzing the State's evidence relating to the extraneous offense allegations during a 38.37 section 2-a hearing.**................................................................7

GROUND FOR REVIEW NUMBER TWO.........................................................15

      **The Court of Appeals lacks an adequate standard by which it could have meaningfully addressed Appellant's argument that the State produced insufficient evidence during the Article 38.37 section 2-a hearing**..............................................................15

PRAYER FOR RELIEF ......................................................................................22

CERTIFICATE OF SERVICE ............................................................................23

CERTIFICATE OF COMPLIANCE ...................................................................23

APPENDIX [Opinion] ........................................................................................24

# INDEX OF AUTHORITIES

## Cases

*Alvarado v. State*, 2014 Tex. App. LEXIS 12473, 1 (Tex. App. San Antonio Nov. 19, 2014)(memo.op.)................................................................................16

*Graves v. State*, 2006 Tex. App. LEXIS 9582, 10, 2006 WL 3114451 (Tex. App. Fort Worth Nov. 2, 2006)(memo.op.)................................................................21

*Hall v. State*, 2014 Tex. App. LEXIS 4212, 3, 2014 WL 1516881 (Tex. App. Waco Apr. 17, 2014)(memo.op.)..............................................................................16

*Hodges v. State*, 2014 Tex. App. LEXIS 13563, 14 (Tex. App. Fort Worth Dec. 18, 2014)(memo.op.)......................................................................................16

*Hunter v. State*, 2013 Tex. App. LEXIS 11992, 8, 2013 WL 5425707 (Tex. App. Beaumont Sept. 25, 2013)(memo.op.)......................................................16

*In re S. S.*, 167 S.W.3d 108 (Tex. App. Waco 2005)............................................14

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2D 560 (1979).........14

*Kutzner v. State*, 994 S.W.2d 180 (Tex. Crim. App. 1999)...................................14

*Lopez v. State*, 2015 Tex. App. LEXIS 955, 9 (Tex. App. Dallas Feb. 2, 2015)(memo.op.)..................................................................................................16

*Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997)...................................18, 19

*Martin v. State*, 2014 Tex. App. LEXIS 13451, 1 (Tex. App. Houston 1st Dist. Dec. 16, 2014)(memo.op.)..........................................................................................16

*Martinez v. State*, 2008 Tex. App. LEXIS 5514, 10, 2008 WL 2841683 (Tex. App. Houston 14th Dist. July 24, 2008)(memo.op.).............................................20

*Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim. App. 1996)...................................20

*Owens v. State*, 119 S.W.3d 439 (Tex. App.--Tyler 2003, no pet.). ..................20, 21

*Roethel v. State*, 80 S.W.3d 276 (Tex. App.-Austin 2002, no pet.)....................20, 21

*Sanders v. State*, 191 S.W.3d 272 (Tex. App.--Waco 2006, pet. ref'd)....................20

*Thompson v. State*, 2014 Tex. App. LEXIS 8916, 16, 2014 WL 4049892 (Tex. App. Corpus Christi Aug. 14, 2014)(memo.op.)...................................................................16

*Washburn v. State*, 2014 Tex. App. LEXIS 8351, 6-7, 2014 WL 3756486 (Tex. App. Dallas July 30, 2014)(memo.op.).....................................................................................16

*Wham v. State*, 2011 Tex. App. LEXIS 7713, 5, 2011 WL 4413745 (Tex. App. Fort Worth Sept. 22, 2011)(memo. op.)..........................................................................................19

*Wheeler v. State*, 2003 Tex. App. LEXIS 4477, 7, 2003 WL 21212829 (Tex. App. Dallas May 27, 2003)(memo. op.)...........................................................................................20

*Williams v. State*, 2014 Tex. App. LEXIS 10561, 1 (Tex. App. Houston 14th Dist. Sept. 23, 2014).................................................................................................................16

Rules

Tex.R.App.P. 9(i)...................................................................................................23

Tex.R.App.P. 66.3(b)..............................................................................8, 15, 22

Statutes

Tex.Code Crim.Proc. Ann. art. 37.07, §3(g)................................................... 19, 20

Tex. Code Crim.Pro. art 38.37 sec. 2-a.......................................................*passim*

Tex.Code Crim.Proc. Ann. Art. 38.37, §3........................................................21, 22

Tex.Pen.Code §21.11(a)(1)...............................................................................12

Legislative History

2013 Regular Session; Act of May 17, 2013, 83rd Leg., R.S., ch. 387, § 1....7, 9, 16

NO. PD-_____-15

_____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

Curtis Charles Reichle,
Appellant

VS.

The State of Texas,
Appellee

═══════════════════════════════════════

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

═══════════════════════════════════════

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

Appellant, *CURTIS CHARLES REICHLE*, respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

**STATEMENT REGARDING ORAL ARGUMENT**

The Appellant requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that

oral argument may help simplify the facts and clarify the issues. This Honorable Court would likely benefit from oral argument on the merits of the different sufficiency standards proffered by Counsel for reviewing evidentiary sufficiency during Article 38.27 section 2-a hearings.

## STATEMENT OF THE CASE

Appellant was charged by indictment with Indecency with a Child by Contact in cause number 1423783, which was tried in the 89th District Court in Hopkins County, Texas. After trial by jury he was convicted on April 9, 2014 and was sentenced in accord with the automatic life sentence enhancement to life imprisonment, (CR 188 - 189; RR XI, 100).[1] Appellant's conviction was affirmed by the Sixth Court of Appeals (Texarkana) on January 30, 2015, (Opinion[2] at 1).

Appellant presented six (6) issues in the Court of Appeals. FIRST: Did the Court err by finding the State's evidence offered during the 38.37 section 2-a hearing was enough to find, beyond a reasonable doubt, that the extraneous offenses occurred? SECOND: Did the Court err by restricting *voir dire* regarding punishment, where Appellant would be subject to an automatic life sentence upon conviction? THIRD: Was the State's Notice of Intent to Introduce Extraneous

---

1  CR refers to the Clerk's Record, RR refers to the Reporter's Record.
2   A copy of the Court's opinion is attached as Appendix A.

Offenses sufficient to satisfy the requisites of the statute? FOURTH: Was the omission of instructions regarding how to apply the beyond a reasonable doubt standard to the extraneous offenses effect the jury's deliberation an egregiously harmful error for purposes of being reversible error without objection by either party? FIFTH: Did the Court err by refusing to order medical testing of complainant's family members, thereby depriving Appellant of an alternative perpetrator defense? SIXTH: Did the Court err by denying a timely request for continuance to review documents produced by Child Protective Services less than ten days prior to trial?

In this Petition for Discretionary Review, Appellant raises the following two (2) issues for this Honorable Court:

FIRST: The Court of Appeals erred ion its analysis of the State's burden of production for purposes of admitting extraneous offense testimony after conducting hearing pursuant to Article 38.37 section 2-a.

SECOND: The Court of Appeals lacks an adequate standard by which it could have meaningfully reviewed Appellant's argument that the State produced insufficient evidence during the Article 38.37 section 2-a hearing.

## STATEMENT OF PROCEDURAL HISTORY

Appellant was convicted by a jury and sentenced to life imprisonment for the offense of Indecency with a child by contact, (CR 188 - 189; RR XI, 100). Appellant timely filed a Motion for New Trial and a Notice of Appeal, (CR 192 – 193, 205).

On January 30, 2015 the Sixth Court of Appeals at Texarkana, Texas, affirmed the conviction. See Appendix A (Court's Opinion). No motion for rehearing was filed. Appellant's petition is due on March 1, 2015, thirty (30) days from the day of disposition of the appeal. This Petition for Discretionary Review is being filed on ***Friday, February 27, 2015***. Appellant sent this petition by delivering the same to FedEx on ***Friday, February 27, 2015*** to be delivered by overnight delivery to the Court of Criminal Appeals.

## STATEMENT OF FACTS

Multiple pre-trial hearings were conducted in this case. Only those relevant to Appellant's issues as he raises them in this Petition are discussed in this fact statement.

The fourth pre-trial hearing occurred on February 13, 2014, (RR V). The State discussed its intent, upon re-indictment (the indictment upon which Appellant was ultimately convicted) to dismiss the original indictment, (RR V, 4). All motions previously filed in the original case were transferred by the Court to the

new case, (RR V, 5). Around this time, the State noticed Appellant that they intended to seek the automatic life enhancement, (RR V, 5). Judge Northcutt's prior involvement with Appellant was discussed with relation to the automatic life sentence enhancement, (RR V, 6-7). Trial date was then discussed, (RR V, 8 – 10).

Pre-trial hearing number five occurred on February 19, 2014, (RR VI). During this pre-trial hearing, the Court ruled on the remaining pre-trial motions. The Court largely granted the defense discovery requests, (RR VI, 10, 11, 14). Defense Counsel's motion for medical testing of relatives of the complainant was taken under advisement, (RR VI, 15-23). The Court continued to withhold ruling on appointment of a defense expert without a designation from Counsel regarding whom to appoint, (RR VI, 24).

On April 2, 2014, a hearing on Appellant's Motion to Recuse Judge Northcutt was held by the Honorable Mary Murphy, Chief Administrative Judge of the Fifth Judicial District, (RR VII). Defense Counsel laid out the grounds for the motion, as well as the reasons for the delay in it being filed, (RR VII 5-7). The State objected to the removal of Judge Northcutt, (RR VII, 8-10). The motion was denied, (RR VII, 14).

The Court then set a hearing pursuant to Article 38.37 section 2-a of the

Code of Criminal Procedure to determine the admissibility of extraneous offenses the State desired to use in their case in chief, (RR VIII, 22–28). Notice was timely received for the 38.37 offenses, (CR 50 – 51; RR VIII, 30–31). Robert Reichle was designated as the outcry witness, (RR VIII, 32).

After voir dire, the Court held the required hearing on the admissibility of article 38.37 propensity evidence, (RR IX, 210 – 268). During that hearing, the State called three (3) witnesses, Robert Reichle (RR IX, 225 – 237), David Gilmore (RR IX, 237 - 247), and Amber Reichle, (RR IX, 251 - 264). The Court found sufficient evidence existed to allow admission of the extraneous evidence, (RR IX, 265). The Court did not make specific findings regarding any applicable standard of evidence to which the State was held.

Appellant was convicted, and received a sentence of life imprisonment without a fine, (CR 188 - 189; RR XI, 100).[3] Appellant timely filed a Motion for New Trial and a Notice of Appeal, (CR 192 – 193, 205). The Court of Appeals, in the opinion attached as Appendix A, affirmed his conviction. See Appendix A.

**GROUNDS FOR REVIEW I.**

---

3    CR refers to the Clerk's Record, RR refers to the Reporter's Record.

**The Court of Appeals erred by failing to correctly conduct sufficiency of the evidence review as it applies to the burden of proof to which the State is held when analyzing the State's evidence relating to the extraneous offense allegations during a 38.37 section 2-a hearing.**

### ARGUMENT AND AUTHORITIES
**Regarding Appellant's Issue One.**

In the Court of Appeals, the Appellant urged that the State failed to satisfy its burden of production during the pre-trial hearing on the extraneous offenses which the State sought to admit against Appellant during trial. See Appellant's Br. at 13 – 26; Opinion at 2 – 10. The Trial Court allowed admission of the evidence, (RR IX, 210 – 268). The Court of Appeals affirmed. See Appendix A.

Counsel believes the question presented herein, to-wit: "What is the appropriate analysis by which the Court of Appeals conducts review of the sufficiency of the State's evidence, for purposes of determining the admissibility of extraneous offenses, offered during a hearing conducted pursuant to Article 38.37 section 2-a of the Code of Criminal Procedure?" is one of first impression in this Court, and is also one of significant import.

The appropriate methodology for analysis of the sufficiency of the testimony offered during the Article 38.37 section 2-a hearing does not appear to have been previously addressed by this Court. Section 2-a was added to Article 38.37

effective September 1, 2013. See 2013 Tex. Sess. Law Serv. Ch. 387 (S.B. 12).

After exhaustive search during briefing to the Court of Appeals, and after continued search prior to submission of this Petition, Appellant has found no case setting forth the methodology by which the Court of Appeals is to review the sufficiency of the testimony offered during an Article 38.37 section 2-a hearing to determine whether the burden placed on the State for proving admissibility of extraneous offenses is satisfied.

In the absence of an existing standard, Appellant offers two alternative analyses for the Court's consideration in Ground for Review Two.

Appellant contended in the Court of Appeals, and maintains here, that the admission of the extraneous offenses was error under the facts of this case.

The Appellant would submit that, by rejecting Appellant's arguments regarding the applicable standard for determining whether the State satisfied its burden of production, that the Sixth Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. See Rule 66.3(b), Texas Rules of Appellate Procedure.

**Applicable Law:**

The Trial Court was correct to hold hearing on the extraneous offense

testimony, as the new[4] provision in Article 38.37 section 2-a is mandatory. That section provides for a hearing on extraneous offense testimony.

> Before evidence described by Section 2 may be introduced, the trial judge must: (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and (2) conduct a hearing out of the presence of the jury for that purpose.

Tex. Code Crim.Pro. art 38.37 sec. 2-a

## Pertinent Facts:

During the Court's hearing on the admissibility of extraneous offenses under article 38.37 of the Texas Code of Criminal Procedure, the State called three (3) witnesses, (RR IX, 226 – 268) in order to prove up the allegations of extraneous offenses. During that hearing, the State is required to provide sufficient evidence to prove up the extraneous offenses beyond a reasonable doubt. See Tex.Code Crim.Pro art 38.37 sec. 2-a.

> During the hearing, Robert Reichle, Appellant's son, testified as follows:

> Q. (By Mr. Morgan) Mr. Reichle, before you were 17 years of age, did Charles -- Curtis Charles Reichle ever touch your genital area in a sexual manner before you were 17 years of age?
> A. That would be correct.
> Q. Do you remember a specific instance, Mr. Reichle?

---

4   The Legislature added Section 2 and Section 2-a to Article 38.37 in the 2013 Regular Session. *See* Act of May 17, 2013, 83rd Leg., R.S., ch. 387, § 1, (codified at TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 and 2-a

A. Yes, sir.

Q. Could you describe one specific instance, sir?

A. I can tell you there was one incident where we lived out on Rockdale Road in a house, and we had gotten BB guns for Christmas, and we had shot out some windows that we weren't supposed to shoot out. And it was like a punishment. The way I took it was it was a punishment. And I physically had to put my mouth on his genital area. And I can recall times of when I was penetrated myself.

Q. Penetrated? You mean -- you mean that Curtis Reichle put his penis in your anus?

A. Yes, sir. That would be correct.

Q. And he also touched your genital area; is that correct?

A. Yes, sir.

Q. And you said we. Who -- who was -- you said we were --

A. My brother, Christopher Charles Reichle.

Q. Where does -- where does he live now?

A. Alabama. And I'm not too much on the extent of what – I just know what's happened to me.

Q. Are you sure you weren't 17 years old yet?

A. I'm positive I was not 17 years old.

Q. Did you ever talk about this with -- with Curtis?

A. One time after rehab, we had sat down, and I had had a talk with him. We was sitting by a campfire. He had apologized for the things that he had done to me or us when we was kids, mostly to me. We was talking about me and him. And he informed me that those were the things that had happened to him when he was a kid.

Q. So he admitted to you that he did them at some point?

A. Yes, sir.

(RR XI, 228 – 230).

The State then called David Gilmore, an investigator for Sulphur Springs Police Department, (RR XI, 237). He testified that the fingerprints from a 2003 deferred adjudication probation matched the Appellant, (RR XI, 238 – 240).

The State then called Amber Reichle, Appellant's daughter, who testified as follows:

Q. (By Mr. Morgan) Ms. Reichle, I'm going to ask you this. And more than likely I'm going to ask you some other questions tomorrow, but today I'm just going to ask you this. Before you were 17 years of age, did Curtis Reichle ever touch your genital area in a sexual manner?
A. Yes, sir.
Q. Do you remember a specific instance when he did that?
A. Yes, sir.
Q. Could you please describe one specific instance, Amber?
A. Sorry. Sorry. The very first time was I got caught -- a boy got caught touching me, and it was a -- it was a punishment because he caught him touching me. And he pulled me back to the bedroom and made me touch myself, and he also was touching me.
Q. When you say touching --
A. That was just the first time it happened.
Q. And were you under 17 years of age?
A. Yes, sir.
Q. And when you -- when you say -- I'm sorry to ask details like this, but I have to. And when you say touching me, was he using his hand to touch your genital area?
A. Yes, sir. On my vagina.
Q. Did he do it again?
A. Yes, sir.
Q. Do you know how many times he did it?
A. For probably about a year and a half to two years, I believe.
Q. And that's the period of time that he did it. Do you know -- did it he do it several times during that period of time?
A. Yes, sir.
Q. Do you know how many times?
A. No, because it happened a couple of times a week.
Q. Over a year, year and a half?
A. Yes, sir.
Q. How old do you think you were then?

A. I think I was 12 or 13.
Q. You have children of your own now, right?
A. Yes, sir.
Q. And you've had some occasion to speak with CPS investigators?
A. Yes, sir.
Q. Is that correct?
A. Yes, sir.
Q. And people have interviewed you and asked you some things about Curtis and that in the past; is that correct?
A. Yes, sir.
Q. Have there been occasions in the past where you've told people, namely CPS investigators, that this didn't happen?
A. Yes, sir.
Q. Why did you do that?
A. That was my dad, and I kind of tried to protect him.
Q. And you're coming forward now. Did you know C.[O.]? Do you know C.[O.]?
A. Yes. It's my niece.
Q. Is that why you're coming forward now?
A. Yes, sir.
Q. I mean -- but it's the truth; is that correct?
A. Yes, sir.

(RR XI, 252 – 255).

Each "separate offense" the State sought to prove was indecency with a child (Tex.Pen.Code §21.11(a)(1)). To prove the offense of indecency with a child, the State must put forth testimony that within the jurisdictional limits of the charging authority, the Defendant engages, with a child younger than 17 years of age, in sexual contact with the child or causes the child to engage in sexual contact. *See* Tex.Pen.Code §21.11(a)(1)

---

Appellant's Petition for Discretionary Review                    12
06-14-00073-CR

The Court found the testimony to be adequate to prove up the extraneous offenses beyond a reasonable doubt, (RR IX, 265). As no definitive standard for the sufficiency of the evidence offered during a 38.37 section 2-a hearing had been determined, Appellant challenged the sufficiency of this testimony under two hypothetical sufficiency standards. Each argument was rejected by the Court of Appeals.[5]

**<u>Argument:</u>**

The Appellant submits that the Court of Appeals erred in finding the above quoted testimony sufficient to satisfy the State's burden of production under Article 38.37 section 2-a.

The Court rejected Appellant's arguments under both the "hypothetically correct jury charge" standard, which would require the State put forth testimony on each element of the offense, as the necessary showing during the 38.37 section 2-a hearing (Opinion at 9) and the "statutory notice" standard, which would require the State provide testimony sufficient to satisfy the requirement of notice under Article 37.07. (Opinion at 5).

---

5   The Court of Appeals appears to have interpreted Counsel's argument as a sufficiency of notice argument. Appellant stipulated to timeliness of notice both the the Court of Appeals and in this Petition. Appellant challenges the testimony offered at the 38.37 section 2-a hearing, not the timeliness of the State's notice of intent to introduce those offenses.

The standard for evidentiary sufficiency for a verdict is "whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *In re S. S.*, 167 S.W.3d 108, 111 (Tex. App. Waco 2005). See *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). The standard is the same for both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

The Article 38.37 section 2-a hearing serves the purpose of determining whether the State will be able to prove the extraneous offenses that they seek to introduce against a Defendant. The Court has little cause, if any, to depart from the widely known and accepted standard set forth in *Jackson.* Insofar as the Court has yet to determine the appropriate standard for sufficiency review in the context of an Article 38.37 section 2-a hearing, *w*hatever that sufficiency standard may be, an important question of law that this Court should address remains unanswered. Appellant requests this Court provide review of his conviction to determine the appropriate standard by which the Court of Appeals conducts a review of the sufficiency of the evidence provided by the State during the Article 38.37 section 2-a hearing.

Review should be granted in this case as it was error for the Court of Appeals to find the testimony sufficient to establish the necessary legal standard for admission of the extraneous offense testimony. Appellant contends that the Sixth Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. See Rule 66.3(b), Texas Rules of Appellate Procedure.

Appellant prays this Court grant his Petition for Discretionary Review, and thereafter reverse the Court of Appeals and remand the cause to the Court of Appeals with instructions to apply the sufficiency standard determined by the Court.

## GROUND FOR REVIEW II.

**The Court of Appeals lacks an adequate standard by which it could have meaningfully addressed Appellant's argument that the State's offer of evidence during the Article 38.37 section 2-a hearing was insufficient to support admission of the extraneous offenses.**

## <u>ARGUMENT AND AUTHORITIES</u>
### Regarding Appellant's Issue Two.

The Appellant would submit that, by rejecting his argument relating to the appropriate standard for sufficiency review, the Sixth Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. See Rule 66.3(b), Texas Rules of Appellate Procedure.

**Law:**

> Before evidence described by Section 2 may be introduced, the trial judge must: (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and (2) conduct a hearing out of the presence of the jury for that purpose.

Tex. Code Crim.Pro. art 38.37 sec. 2-a

The effective date of the amendment to Article 38.37 section 2-a was September 1, 2013. The amendment effected criminal trials beginning on or after that date. See Acts 2013, 83RD Leg., ch. 387 (S.B. 12), Section 2. Appellate cases discussing the 2013 amendment to Article 38.37 are relatively sparse, and **to-date no standard has been articulated by this Court**, nor by any intermediate court of appeals, whereby the offer of evidence during the Article 38.37 section 2-a hearing may be subjected to appellate review.[6]

---

6 See *Alvarado v. State*, 2014 Tex. App. LEXIS 12473, 1 (Tex. App. San Antonio Nov. 19, 2014)(inadequately briefed argument regarding the constitutionality of Article 38.37, § 2 under Tex. R. App. P. 38.1(i)); *Martin v. State*, 2014 Tex. App. LEXIS 13451, 1 (Tex. App. Houston 1st Dist. Dec. 16, 2014)(error, if any, was harmless under Tex. R. App. P. 44.2(b)); *Thompson v. State*, 2014 Tex. App. LEXIS 8916, 16, 2014 WL 4049892 (Tex. App. Corpus Christi Aug. 14, 2014)(using the Rule 403 factors to determine admissibility); *Lopez v. State*, 2015 Tex. App. LEXIS 955, 9 (Tex. App. Dallas Feb. 2, 2015)(timeliness of notice); *Hunter v. State*, 2013 Tex. App. LEXIS 11992, 8, 2013 WL 5425707 (Tex. App. Beaumont Sept. 25, 2013)(propriety of limiting instruction); *Williams v. State*, 2014 Tex. App. LEXIS 10561, 1 (Tex. App. Houston 14th Dist. Sept. 23, 2014)(Article 38.37 supercedes Rule 404 for determinations of admissibility, however Rule 403 may still provide for exclusion of evidence admissible under article 38.37); *Hall v. State*, 2014 Tex. App. LEXIS 4212, 3, 2014 WL 1516881 (Tex. App. Waco Apr. 17, 2014)(reasonableness of notice for purposes of Article 38.37); *Hodges v. State*, 2014 Tex. App. LEXIS 13563, 14 (Tex. App. Fort Worth Dec. 18, 2014)(permissible uses of

**Facts:** Appellant incorporates all of the facts set out in Ground For Review One.

**Argument:**

The Appellant submits that the Court of Appeals erred in failing to define the standard it used for analysis of the sufficiency of the evidence offered by the State during the Article 38.37 section 2-a hearing. **Without first defining the standard by which the Court is reviewing the evidence, the Court's conclusion that the evidence was sufficient requires review.**

This Court should grant review as the Court of Appeals erred by disposing of Appellant's argument relating to the sufficiency of the offer of proof during the 38.37 section 2-a hearing without articulating a standard by which sufficiency review is conducted. A meaningful standard by which sufficiency of the evidence is measured for purposes of the Article 38.37 section 2-a hearing is essential to ensuring that the Defendant's constitutional rights are protected and that extraneous offense testimony is not used unless and until the State satisfies its burden of production at the pre-trial hearing.

In order for the Court of Appeals to conduct a meaningful analysis of the

extraneous offense testimony under amended 38.37 section 2-a); *Washburn v. State*, 2014 Tex. App. LEXIS 8351, 6-7, 2014 WL 3756486 (Tex. App. Dallas July 30, 2014) (admissibility of same transaction contextual conduct under 38.37 section 2-a)

sufficiency of the evidence that was produced, there must be a standard by which measurement is made. The Legislature has not provided a standard by which the evidence offered during the hearing should be judged. See generally Tex.Code Crim.Pro. Ann. art. 38.37 (West 2014).

Appellant offered two (2) standards in briefing to the Court of Appeals. The first standard was modeled after this Court's decision in *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997)(sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge). See Appellant's Br. at 20 – 23.

If this Court were to adopt Counsel's argument that the sufficiency of the evidence offered during the pre-trial Article 38.37 section 2-a hearing should be measured from a hypothetically correct jury charge, the Court would, in essence, be requiring a mini-trial to the bench prior to admitting the offenses. Given the catastrophic damage the extraneous allegations will cause to a Defendant's ability to present a defense, requiring a mini-trial prior to the admission of such damaging evidence is a minimal burden incurred to protect Defendant's constitutional rights.

Counsel offers this method first because this method ensures that the accused will be provided the utmost form of notice of the extraneous allegation(s),

including the who made the allegation, when, where, and under what circumstances. This is essential to preservation of the right of the accused to due process. Where the statute requires that the evidence submitted be sufficient for proof beyond a reasonable doubt, there is little, if any, reason to deviate from the existing legal-sufficiency standard defined in *Jackson v. Virginia* as articulated for sufficiency of the evidence review in *Malik*.

Alternatively, Counsel offered a second standard, which was based from the statutory standard for notice of extraneous offenses contained in Texas Code of Criminal Procedure section 37.07. If the Court were to apply the 37.07 notice requirement to the testimony offered during the 38.37 section 2-a hearing, the standard would require: "...the **notice include[d] the date on which _and_ the county in which the alleged crime or bad act occurred** and the name of the alleged victim of the crime or bad act." Tex.Code Crim. Pro. ann. art. 37.07 3(g). See also *Wham v. State*, 2011 Tex. App. LEXIS 7713, 5, 2011 WL 4413745 (Tex. App. Fort Worth Sept. 22, 2011)(memo. op.).

Here, the testimony, which was the only evidence offered by the State during the 38.37 section 2-a hearing, was entirely lacking in any proof of the county in which the extraneous offenses occurred. In instances where "the [extraneous

offense] had not yet been adjudicated, any notice of intent to introduce it into evidence in the [case-in-chief] trial was required to include the date, <u>county</u>, and name of the alleged victim to be considered reasonable. See Tex.Code Crim.Proc. Ann. art. 37.07, § 3(g)." *Graves v. State*, 2006 Tex. App. LEXIS 9582, 10, 2006 WL 3114451 (Tex. App. Fort Worth Nov. 2, 2006); *Martinez v. State*, 2008 Tex. App. LEXIS 5514, 10, 2008 WL 2841683 (Tex. App. Houston 14th Dist. July 24, 2008). See also *Wheeler v. State*, 2003 Tex. App. LEXIS 4477, 7, 2003 WL 21212829 (Tex. App. Dallas May 27, 2003)(memo. op.)("[T]he notice given by the State failed to specify the county in which the alleged crime or bad act occurred and failed to name the alleged victim of the crime or bad act. To that extent, the notice given was inadequate with respect to the [extraneous offense] the evidence was inadmissible.") citing *Roethel v. State*, 80 S.W.3d 276, 280-81 (Tex. App.- Austin 2002, no pet.).

The trial court's decision to admit extraneous offense evidence during punishment is reviewed for an abuse of discretion. See *Sanders v. State*, 191 S.W.3d 272, 276 (Tex. App.--Waco 2006, pet. ref'd); *Owens v. State*, 119 S.W.3d 439, 444 [8]  (Tex. App.--Tyler 2003, no pet.). See also *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). "[I]n the absence of reasonable notice, a

trial court abuses its discretion by admitting extraneous offense evidence." *Graves v. State*, 2006 Tex. App. LEXIS 9582, 8, 2006 WL 3114451 (Tex. App. Fort Worth Nov. 2, 2006) citing *Roethel v. State*, 80 S.W.3d 276, 283 (Tex. App.--Austin 2002, no pet.), see also *Owens*, 119 S.W.3d at 444. Appellant contends that without proof of the county in which the extraneous offense occurred, that the Court abused its discretion by finding the evidence of extraneous offense sufficient.

The Court of Appeals held the testimony offered by the State sufficient to support the admission of the use of extraneous offenses. They noted that "Article 38.37 does not require the State's notice to include the county in which the alleged crime or bad act occurred, presumably because the trial court is required to conduct a hearing under Article 38.37 where the details of the alleged extraneous offenses will be revealed to the defendant. *Compare* Tex.Code Crim.Proc. Ann. art. 37.07, §3 *with* Tex.Code Crim.Proc. Ann. art. 38.37, §3." Appendix A, Court's Opinion, at 5. Here, the State's offer of proof was insufficient under 37.07 because no county (location) was proved. See Tex. Code Crim.Pro. Ann. art. 37.07, §3

This ruling making it all the more imperative for the Court of Appeals to have a definitive standard by which the sufficiency of the evidence offered during the pre-trial hearing may be reviewed. The Court of Appeals ruling implies that the

evidence is sufficient because the trial court would have held a hearing at which the evidence need not be presented. This is untenable. **The necessity of having a definitive standard of review for determining the sufficiency of the evidence offered during an Article 38.37 section 2-a hearing is a question of state law that has not been, but should be, settled by the Court of Criminal Appeals.** See Rule 66.3(b), Texas Rules of Appellate Procedure.

Appellant prays this Court grant his Petition for Discretionary Review, and thereafter reverse the Court of Appeals and remand the cause to the Court of Appeals with instructions to apply the Court's sufficiency standard.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Appellant prays that this Honorable Court grant this Petition for Discretionary Review and reverse the decision of the Court of Appeals

Respectfully submitted,

**/s/J. Edward Niehaus**
J. Edward Niehaus
State Bar No. 24074812
225 W. Hickory St. Suite F
Denton, Texas 76201
Telephone: (469) 554-0432
Fax: (469) 533-8921

Jason@DefenseDFW.com

ATTORNEY FOR APPELLANT

**CERTIFICATE OF COMPLIANCE**

Undersigned Counsel for the Appellant certifies that the word count of this petition complies with Texas Rule of Appellate Procedure 9.4(i)(3) with a total word count of 3,941, taking into account exclusions as provided for by 9.4(i)(1).

/s/J. Edward Niehaus_____
**J. Edward Niehaus**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was mailed to Curtis Charles Reichle, TDCJ #01918966 at ROBERTSON UNIT, 12071 FM 3522, Abilene, TX 79601, e-filed with the Court of Criminal Appeals, and was electronically served upon opposing counsel, Will Ramsey, Hopkins County District Attorney on **02/27/15**. Thereafter, after receiving the file-stamped copy from the Clerk of the Court of Criminal Appeals, ten (10) copies of the same were deposited in the U.S. Mail, postage pre-paid, to the Court of Criminal Appeals at P.O. Box 12308, Austin, Texas 78711.

/s/J. Edward Niehaus_____
**J. Edward Niehaus**

# Appendix A: Sixth Court of Appeals Opinion



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00073-CR

CURTIS CHARLES REICHLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423783

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After a jury convicted Curtis Charles Reichle of indecency with C.O., a child, by sexual contact, Reichle elected to submit the issue of punishment to the trial court. He entered a plea of "true" to the State's enhancement allegation and was sentenced to life imprisonment. On appeal, Reichle argues (1) that the State's notice of intent to introduce extraneous offenses during guilt/innocence pursuant to Article 38.37 of the Texas Code of Criminal Procedure was deficient, (2) that the trial court erred in allowing the introduction of extraneous-offense evidence during guilt/innocence, (3) that the trial court erred in failing to include a separate application paragraph in the jury charge that would require the jury to enter a finding on each extraneous offense, (4) that the trial court erroneously restricted voir dire on punishment issues, (5) that the trial court erred by refusing his requests for medical testing of possible alternative suspects, and (6) that the trial court erred in denying his motion for continuance. We find that the State's notice of extraneous offenses was sufficient, that the trial court did not abuse its discretion in applying Article 38.37 to allow for the introduction of the extraneous-offense evidence, and that the jury charge included an application paragraph with respect to the extraneous offenses. We also find that voir dire was properly restricted to the issues the jury would decide and that there was no abuse of discretion in either the denial of medical testing of nonparties to the litigation or the denial of the motion for continuance. Accordingly, we affirm the trial court's judgment.

## I. The Article 38.37 Notice of Intent to Introduce Evidence of Extraneous Offenses Was Sufficient

Article 38.37 of the Texas Code of Criminal Procedure, titled "Evidence of extraneous offenses or acts," contains a rule of evidence applicable to certain types of sexual abuse cases,

2

including this one. TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014). In 2013, Sections 2 and 2-a were added to Article 38.37 to "allow evidence that a person had committed certain previous criminal offenses with any child victim to be admitted into trials for certain offenses with child victims." House Comm. on Criminal Procedure Reform. Select, Bill Analysis, Tex. H.B. 330, 83d Leg., R.S. (2013); *see* Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013); Act of May 17, 2013, 83d Leg., R.S., ch. 387, § 1, secs. 2, 2-a, 2013 Tex. Sess. Law Serv. 1168, 1169 (West) (effective Sept. 1, 2013). Specifically, the relevant portions of Article 38.37 state,

Sec. 2. (a) Subsection (b) applies only to the trial of a defendant for:

(1) an offense under any of the following provisions of the Penal Code:
. . . .

(C) Section 21.11 (Indecency With a Child);

. . . .

(b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) . . . may be admitted in the trial of an alleged offense described by Subsection (a)(1) . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Sec. 2-a. Before evidence described by Section 2 may be introduced, the trial judge must:

(1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and

(2) conduct a hearing out of the presence of the jury for that purpose.

3

TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2, 2-a.  Section 3 of Article 38.37 requires the State to "give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section . . . 2 not later than the 30th day before the date of the defendant's trial." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3.

The State's notice of intent to introduce extraneous offenses pursuant to Article 38.37 was given to Reichle on March 7, 2014, thirty-one days before his April 7, 2014 trial.[1]  In its written notice, the State expressed its intention to offer evidence that Reichle had previously intentionally or knowingly committed the offenses of indecency with a child by contact (1) against his son on or about November 10, 2001, (2) against Jane Doe[2] on or about August 1, 2002,[3] and (3) against his daughter.

Reichle argues that the State's notice was deficient because it did not include the county in which the alleged acts of indecency occurred.  In making this argument, Reichle relies on Article 37.07, Section 3, titled "Evidence of prior criminal record in all criminal cases after a finding of guilty."  TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (West Supp. 2014).  Section 3(g) of Article 37.07 states,

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b),[4] Texas Rules of Evidence.  If the attorney representing the state intends to introduce an

---

[1] Reichle concedes that the State's notice was timely.

[2] A pseudonym used to protect the identity of the victim.

[3] The State also gave notice that it intended to offer evidence that Reichle intentionally or knowingly committed the offense of aggravated sexual assault against Jane Doe, a child.  However, the trial court made no 38.37 ruling on the aggravated assault.

[4] The State correctly points out that under Article 38.37, evidence is admissible notwithstanding Rule 404.

4

extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g).

We find that Reichle's reliance on Section 3 of Article 37.07, which governs the procedure for admissibly of evidence at punishment, not guilt/innocence, is misplaced. *See Jaubert v. State*, 74 S.W.3d 1, 3 (Tex. Crim. App. 2002) (citing *Washington v. State*, 943 S.W.2d 501, 503–04 (Tex. App.—Fort Worth 1997, pet. ref'd)); *Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex. Crim. App. 2000). Unlike Article 37.07, Article 38.37 does not require the State's notice to include the county in which the alleged crime or bad act occurred, presumably because the trial court is required to conduct a hearing under Article 38.37 where the details of the alleged extraneous offenses will be revealed to the defendant. *Compare* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 *with* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3.

We find that the Article 37.07, Section 3(g) notice requirements do not apply to notices of intent to introduce extraneous offenses under Article 38.37 since Article 38.37 sets forth its own rules of notice and procedure with respect to extraneous-offense evidence to be introduced at the guilt/innocence phase of trial. We further find that the State's timely written notice complied with the notice requirements of Article 38.37, Section 3. Consequently, we overrule Reichle's first point of error.[5]

---

[5]In any event, failure to comply with Article 37.07 does not render extraneous-offense evidence per se inadmissible. *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.—Austin 2002, no pet.). Unlike the Rules of Evidence, "[t]he notice requirement found in section 3(g) . . . does not relate to the substantive admissibility of the evidence." *Id*. Rather, because the "purpose of the notice requirement is to enable the defendant to prepare to meet extraneous

5

**II.     There Was No Abuse of Discretion in Admitting the Article 38.37 Evidence**

In his second point of error, Reichle argues that the trial court erred in allowing the admission of Article 38.37 extraneous-offense evidence. A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *see Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (citing *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379). Where there has been no abuse of discretion, we will not substitute our own decision for that of the trial court. *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

The State sought to introduce evidence that Reichle had committed the extraneous offenses of indecency with a child with his son, his daughter, and Jane Doe. At the Article 38.37 hearing, the State introduced the indictment and plea papers wherein Reichle pled guilty to indecency with Jane Doe, and the resulting order of deferred adjudication community

---

offense evidence," a deficiency in the notice is analyzed on how it affected a defendant's ability to prepare for the evidence. *Id.*; *see Andrews v. State*, 429 S.W.3d 849, 860 (Tex. App.—Texarkana 2014, pet. ref'd); *James v. State*, 47 S.W.3d 710, 713 (Tex. App.—Texarkana 2001, no pet.). Here, Reichle's victims testified in detail about the abuse they suffered at Reichle's hands during the Article 38.37 hearing and were subjected to his cross-examination. Consequently, Reichle does not claim on appeal that he was surprised by their testimony at trial or that the omission of the county in which the abuse occurred impaired his ability to prepare for their testimony at trial.

supervision.  Next, his son and daughter both testified that Reichle touched their genital areas in a sexual manner when they were children.

Specifically, the son testified that when he was approximately nine or ten years of age, he "physically had to put [his] mouth on [Reichle's] genital area" and that there were other instances where "[Reichle] would either perform oral sex or [anally] penetrate" him.  According to the son, Reichle apologized "for the things that he had done to me or us when we was [sic] kids."

The daughter testified that at a time when she was twelve or thirteen years old, Reichle touched her vagina on a regular basis for a period of eighteen to twenty-four months while she was living at home with both Reichle and Reichle's son.  She testified, Reichle "pulled me back to the bedroom and made me touch myself, and he also was touching me."  The daughter added, "He did everything but have sex with me.  His mouth on my breast, his mouth on down there.  He -- he shaved me.  He's made me touch him.  He's fingered me.  Basically everything that -- everything but penetrate me. . . . He performed oral sex on me multiple times."  The daughter also recalled receiving an apology from Reichle for the sexual abuse he inflicted on her.

After the hearing, the trial court found that the evidence likely to be admitted at trial, if believed, would be adequate to support a finding by the jury that Reichle had committed the extraneous offenses of indecency with a child.  On appeal, Reichle argues that the evidence is insufficient because there was no evidence of (1) the county in which the offenses occurred, or (2) Reichle's *mens rea* at the time the offenses were committed.

7

The trial judge's responsibility at an Article 38.37 hearing is to determine whether "the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a. Under Section 21.11 of the Texas Penal Code,

> (a)    A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
>> (1)    engages in sexual contact with the child or causes the child to engage in sexual contact . . .
>
> . . . .
>
> (c)    In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
>> (1)    any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
>>
>> (2)    any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

TEX. PENAL CODE ANN. § 21.11 (West 2011).

The county in which the offense occurred is not an element of the offense of indecency with a child under Section 21.11 of the Texas Penal Code. Rather, proof of the county in which an offense occurred is a jurisdictional requirement for the prosecution of an offense. Here, the State did not seek to prosecute Reichle for the extraneous offenses and, as discussed previously, was not required to give notice of the county in which the offenses occurred under Article 38.37. Thus, for purposes of proving an extraneous offense under Article 38.37, there was no requirement that the State prove the county in which the extraneous offense occurred. *See Burke*

8

*v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd, untimely filed); *see also Malpica v. State*, 108 S.W.3d 374, 378 (Tex. App.—Tyler 2003, pet. ref'd) (citing *Stevenson v. State*, 963 S.W.2d 801 (Tex. App.—Fort Worth 1998, pet. ref'd)).

In light of the evidence presented at the hearing, Reichle challenges only the *mens rea* element of the offense of indecency with a child by contact. The offense of indecency by contact requires a finding that the offensive contact was committed voluntarily with the specific intent to arouse or gratify the defendant's sexual desire. *See* TEX. PENAL CODE ANN. § 21.11(c). "Intent may be inferred from acts, words[,] and conduct of accused." *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd). "An oral expression of intent is not required," and "[t]he conduct alone is sufficient to infer intent." *Underwood v. State*, 176 S.W.3d 635, 639 (Tex. App.—El Paso 2005, pet. ref'd); *see Scott*, 202 S.W.3d at 408.

With respect to Jane Doe, Reichle's judicial confession to the State's indictment would support a jury's finding that he intentionally and knowingly committed the offense of indecency with a child by contact in that case. With respect to Reichle's son and daughter, the trial court could find that their testimony of Reichle's repeated acts of sexual abuse against them and his later apologies to both in which he acknowledged his wrongdoing would support a rational jury's determination that the acts were committed knowingly with intent to gratify Reichle's sexual desire. In light of the Article 38.37 hearing, we cannot say that the trial court abused its discretion in finding that the evidence likely to be admitted at trial would be adequate to support a finding by the jury that the defendant intentionally and knowingly committed the three separate

9

offenses of indecency with a child against Reichle's son, his daughter, and Jane Doe beyond a reasonable doubt.[6] Accordingly, we overrule Reichle's second point of error.

## III.     There Is No Error in the Jury Charge

The trial court's jury charge was separated into several categories, including "General Principles" and "Instructions of the Court," which included a section labeled "Application of Law to Facts."   In its jury charge, the trial court set forth the elements of the offense of indecency with a child by contact and submitted the following to the jury under the General Principles section:

> **Evidence of Wrongful Acts Possibly Committed by Defendant**
>
> During the trial, you heard evidence of more incidents of indecency with a child connected with [Reichle's son] and [Reichle's daughter] when they were under seventeen years of age and that the Defendant pleaded guilty in 2003 to the offense of indecency with a child concerning his wife's niece [Jane Doe] whereupon he was granted deferred adjudication community supervision.  You are not to consider this evidence at all unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit the wrongful acts.  Those of you who believe the defendant committed one or more of the wrongful acts described in this paragraph may consider the evidence.  If you consider it, you may consider it for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.
>
> If you do find that the defendant committed any of the wrongful acts described above, you may consider this evidence only for the limited purposes I have described.  To consider this evidence for any other purpose would be improper.

---

[6]We note that Reichle does not contend that the evidence actually introduced at trial was insufficient to prove the extraneous offenses beyond a reasonable doubt.

10

Reichle concedes that this instruction[7] was correct and that he did not object to the trial court's charge. However, on appeal, he argues that the jury charge should have contained an application paragraph for each of the extraneous offenses under the "Application of Law to Facts" section.

Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred, and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), *reaff'd by Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

The purpose of the application paragraph is to apply the relevant law, definitions found in the abstract, and general legal principles to the particular facts of the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (citing *Gray v. State*, 152 S.W.3d 125, 127–28 (Tex. Crim. App. 2004)). Here, while it is true that the trial court's "Application of Law to Facts" section addressed only the State's allegation that Reichle committed indecency with C.O. and omitted any reference to the extraneous-offense instruction, we find that the Article 38.37 instruction in the "General Principles" section was, in fact, an additional application paragraph. The instruction applied the requirements of Article 38.37 to the specific facts of the case.

---

[7]We presume the jury obeyed this instruction. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

11

Because we find that the court's charge did contain an application paragraph on the extraneous offenses, we find no error in the jury charge.[8]  We overrule Reichle's third point of error.

## IV.  Voir Dire Limitation Was Proper

Section 12.42(c)(2) of the Texas Penal Code provides, under certain conditions undisputedly applicable here, for the assessment of an automatic life sentence for someone who is convicted of a sexual offense if he has previously been convicted of or pled guilty to a sexual offense.  TEX. PENAL CODE ANN. § 12.42(c)(2), (g) (West Supp. 2014).  Even though Reichle elected for the trial court to assess punishment, he asked to voir dire the jury on the range of punishment and his previous plea of guilty to the offense of indecency with a child involving Jane Doe.

Reichle argues first that he was not allowed to adequately voir dire the jury on the range of punishment.[9]  His argument is without merit since the trial court allowed Reichle to voir dire the jury by making the following inquiry:

> If you're on the jury and if you find the defendant guilty, then depending on the facts shown, the defendant could get anywhere from 2 to 20 years or could get life.  But if you're on the jury, you're not deciding punishment.  You're just deciding guilt or innocence, whether or not the State proved the case beyond a reasonable doubt.
>
> So if you're on a jury, the defendant could get nothing, the defendant could get anywhere between 2 to 20 years, the defendant could get life in prison.  Knowing that -- knowing that, does that change anybody's mind about whether or not they could sit on this kind of jury, this kind of allegation?

---

[8]Reichle has not cited authority on point demonstrating that any further instruction or charge was required to be submitted to the jury.

[9]"In a bifurcated trial, punishment is not part of the law applicable at the guilt/innocence stage of trial."  *Jackson v. State*, 285 S.W.3d 181, 183 (Tex. App.—Texarkana 2009, no pet.).

12

Further, the trial court also reminded the panel, "If a finding of guilty as indicted is returned and certain additional facts are proved beyond a reasonable doubt, a case such as the one to be tried this week could be subject to a mandatory life sentence."

Next, Reichle argues that the trial court erred by restricting voir dire "with regard to the factual circumstances surrounding application of the automatic life [sentence]." The trial court allowed the use of hypothetical discussion of the enhancement and other Article 38.37 extraneous offenses. Specifically, the trial court stated,

> THE COURT: You guys can get -- here's the deal. The best way to do that is to -- if you want to do it in terms of hypotheticals is that you pick something that is not this type of case. DWI, aggravated assault with a deadly weapon, something like that. But you don't get into this type of case because you're asking them about those types of 38.37 -- now, the 38.37, of course, deals specifically with child sex offenses.

The trial court limited the discussion of the specific facts of the extraneous offenses because "getting into the fact that . . . he pled guilty to a similar offense . . . run[s] the risk of poisoning the jury pool." In response to the trial court's concern, the following discussion ensued,

> [BY THE DEFENDANT]: And I understand the Court's concern that the panel may be busted. That's not what we're attempting to do. . . .
>
> But what we do feel is that we need to be able to flesh out the jury's opinions and impressions and feelings and whether or not they would be able to properly follow the law, or is all this 38.37 notice -- all this 38.37 facts of prior sex issues and then a new sex offense that they all have to prove beyond a reasonable -- is all that going to be piled -- going to be too much for them to say, no, I'm stopping right here, I've heard that -- [10]
>
> THE COURT: Well, I'm going to be very careful that I may sua sponte stop you regardless of what -- you guys may be on the same page, and I'm not on the same page. So in terms of 38.37, because it is so overly broad, you know, if

---

[10]The jury panel was informed several times that the case involved a sexual offense with a child.

13

somebody said, well, gosh, if I hear about these other things, you know, I might be more inclined to find him guilty, that's what 38.37 does. That's exactly what it does.

. . . .

Let me tell you what my ruling is going to be with respect to what you can do in terms of punishment. If certain facts are alleged, which we're not going into, then -- but the mere knowledge that if certain facts were proved -- I should say, alleged and proved, this could result in a mandatory life sentence. Is there anybody -- so that you can ferret that out. We're not going to get any more specific than that. That's the Court's ruling on that.

. . . .

[BY THE DEFENDANT]: Yes, Your Honor. We respectfully object and say that -- that it's violating our right to properly voir dire the panel.

In spite of its ruling, out of an abundance of caution, the trial court questioned the panel on this matter, as established in the following excerpt:

THE COURT: . . . . While it is improper to even consider or discuss punishment scenarios in the first phase of the trial, the guilty-or-not-guilty phase, is there anyone who believes they would have trouble with or be incapable of setting aside the possibility of a possible mandatory life sentence when considering whether the State has proved their case beyond a reasonable doubt?

Now, what I mean by that is, I might have trouble reaching a decision if I knew that my decision could result in a mandatory life sentence. I wouldn't want that weighing on me. Is there anybody here -- remember, you're to restrict your deliberations to whether or not the State has proved the defendant guilty or not guilty.

But in the back of your mind, there are occasionally some people who would say, boy, if I found them guilty, he might get a mandatory life sentence. Is there anybody here -- we have -- and that's Mr. Elliott. Thank you, Mr. Elliott.

Anybody else on the front row have trouble coming -- even if they believe that the State otherwise proved the case beyond a reasonable doubt, they just don't think they could make that decision if they believed -- they wouldn't know

14

at that point, but if they believed that that could result in a mandatory life sentence?

That's the decision that the Court would make if the State proves certain facts. And it's up to them. They must prove it beyond a reasonable doubt.

Reichle argues that his counsel "was correctly concerned with the effect a prior guilty plea would have on the jury and wished to voir dire on that topic to ensure that Appellant would be convicted, if at all, on the facts of this case as opposed to being convicted for his propensity conduct." However, as the trial court properly pointed out to Reichle, Article 38.37 would allow the jury to consider the extraneous offenses "for any bearing the evidence ha[d] on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).

"The trial court may impose reasonable restrictions on . . . voir dire examination." *Thompson v. State*, 267 S.W.3d 514, 517 (Tex. App.—Austin 2008, pet. ref'd) (citing *Boyd v. State*, 811 S.W.2d 105, 115 (Tex. Crim. App. 1991)). "'We review the trial court's decision to limit voir dire under an abuse of discretion.'" *Hill v. State*, 426 S.W.3d 868, 874 (Tex. App.—Eastland 2014, pet. ref'd) (quoting *Thompson*, 267 S.W.3d at 517). "'The trial court abuses its discretion when it limits a proper question concerning a proper area of inquiry.'" *Thompson*, 267 S.W.3d at 517 (quoting *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995)).

Reichle also argues that he should have been able to discuss the specific facts of the enhancement and the other Article 38.37 extraneous offenses. However, Reichle cites no authority standing for the specific proposition that the trial court's limitation with respect to the specific facts of the extraneous offenses in this case would amount to an abuse of discretion.

15

Texas courts allow parties to voir dire "the jury venire about the law applicable to the enhancement of punishment as long as the explanation is hypothetical and does not inform the jury of any specific allegation in the enhancement paragraph of the indictment." *Hanson v. State*, 269 S.W.3d 130, 134 (Tex. App.—Amarillo 2008, no pet.) (citing *Jack v. State*, 867 S.W.2d 942, 944 (Tex. App.—Beaumont 1993, no pet.)); *see Barnett v. State*, 344 S.W.3d 6, 20 (Tex. App.—Texarkana 2011, pet. ref'd) (informing jury panel of specific allegations of enhancement is improper). The use of hypotheticals during voir dire is meant to avoid "commit[ting] the [prospective] jurors to particular circumstances." *Atkins v. State*, 951 S.W.2d 787, 789 (Tex. Crim. App. 1997); *see Cuevas v. State*, 742 S.W.2d 331, 336 n.6 (Tex. Crim. App. 1987). By seeking to inform the jury of the specific facts of the State's enhancement allegation and the other Article 38.37 extraneous offenses, Reichle was seeking a commitment from the panel that they would not be influenced by the facts of the extraneous offenses, even though Article 38.37 specifically allows the jury to be so influenced. In this circumstance, we find no abuse of discretion in the trial court's limitation of the presentation of specific facts of the enhancement and other extraneous offenses during voir dire. Consequently, we overrule Reichle's forth point of error.

## V.    Reichle Was Not Entitled To Compel Medical Examination of Nonparties

Reichle believed that the State would seek to prove his guilt by alleging that he transmitted genital herpes to C.O. He filed motions for medical examinations of C.O.'s biological mother, Stephanie O'Connor-Bathe, C.O.'s joint managing conservator, and his own son and daughter. After a hearing, in which the State argued that it had no duty to create

16

evidence by compelling nonparties to submit to medical testing, the trial court denied these motions. Reichle argues that this ruling was in error.

We review the trial court's rulings on motions for pretrial discovery for an abuse of discretion. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Discovery in criminal cases has historically been limited. *See Washington v. State*, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993) (per curiam). Chapter 39 of the Texas Code of Criminal Procedure governs discovery in criminal cases. TEX. CODE CRIM. PROC. ANN. arts. 39.01–.15 (West 2005 & Supp. 2014). Reichle admits, "There is no provision in [Chapter] 39 governing medical examinations requested by a party that may be relevant in the criminal case." However, he points to Article 39.04, which states,

> The rules prescribed in civil cases for issuance of commissions, subpoenaing witnesses, taking the depositions of witnesses and all other formalities governing depositions shall, as to the manner and form of taking and returning the same and other formalities to the taking of the same, govern in criminal actions, when not in conflict with this Code.

TEX. CODE CRIM. PROC. ANN. art. 39.04.

Based on Article 39.04, Reichle argues that Rule 204 of the Texas Rules of Civil Procedure governs this issue and permits his requested medical examinations. We disagree. Rule 204 states that a party may compel another party to submit to physical and mental examination. TEX. R. CIV. P. 204. However, nothing in Rule 204 compels a nonparty to be subjected to a medical examination. Thus, we find that the trial court did not abuse its discretion in denying Reichle's motions, which essentially seek to compel O'Conner-Bathe, and Reichle's son and daughter to submit to medical examinations. We overrule Reichle's fifth point of error.

**VI.      There Was No Abuse of Discretion in the Trial Court's Denial of A Continuance**

Reichle subpoenaed all records from the Texas Department of Family and Protective Services (Department) pertaining to C.O., O'Conner-Bathe, and Reichle's son.  On February 14, 2014, the Department and Reichle filed an agreed motion for in-camera inspection of the confidential records so that the trial court could determine whether they should be produced to Reichle.  On March 28, 2014, Reichle filed a motion for continuance of the April 7, 2014, trial setting because the documents had not yet been provided to him.  However, the joint motion for in-camera inspection of the records was not set for hearing until April 3, 2014.  On that date, the trial court examined the documents in camera and required the Department's records to be turned over to Riechle, who received them on the same day.

The Department's documentation consisted of approximately 250 pages.  On April 4, 2014, the Friday before trial at 4:08 p.m., Reichle filed a second motion for continuance, arguing that as of that date, counsel had not had sufficient time to review the Department's records.[11]  On April 7, the day of trial, the second motion for continuance was denied. In denying a continuance, the trial court noted that Reichle had been sitting in jail since July 2013 and that counsel had plenty of time to urge his motions and obtain the requested discovery.

On appeal, Reichle argues that the trial court erred in denying his request for continuance since the Department's documents were produced only four days before trial.  "We review a trial court's ruling on a motion for continuance for abuse of discretion."  *Gallo v. State*, 239 S.W.3d

---

[11]Reichle also argued that he had not been provided with all of the records, "such as psychiatric reports, drug tests, [and] counseling records," but he failed to establish that the Department was in possession of any other documents responsive to Reichle's requests.

18

757, 764 (Tex. Crim. App. 2007) (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (per curiam)). To reverse a case stemming from a trial court's denial of a motion to continue, an appellant must demonstrate that the denial was error and that it resulted in harm. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). First, we must decide if the trial court erred in denying the motion to continue and, if so, we will consider whether such error was harmful. *Id.* Diligence is a precondition for a continuance based upon the need for additional trial preparation. *Id.*

Reichle's counsel had four days, including a weekend, to review approximately 250 pages of documentation. Reichle's April 4 motion swore that his counsel had not had sufficient time to review the Department's records as of that date and requested "sufficient time to review all requested documents." The written motion did not suggest how much time was required to review the Department's records and did not otherwise swear that the remaining time until trial was inadequate to review the records. In arguing the motion for continuance, counsel merely stated, "And we reviewed those -- those records. We don't feel like we've had sufficient time to review the records that were provided to us . . . ."

Counsel's statement to the court suggested that he did, in fact, review the records, but that he wanted additional time to digest them.[12] In light of (1) counsel's statement that he had "reviewe[d] those . . . records" and (2) the fact that he did not explain his lack of diligence in pursuing the motion for in-camera inspection earlier, we cannot say that the trial court abused its

---

[12]Prior to opening statements, Reichle's counsel demonstrated that he had reviewed the Department's records.

19

discretion in overruling counsel's motion for continuance. Accordingly, we overrule Reichle's last point of error.

**VII.    Conclusion**

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:      January 12, 2015
Date Decided:        January 30, 2015

Do Not Publish

20

Print this page

# Envelope 4315909

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 02/27/2015 02:11:08 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | J. Niehaus |
| Firm Name | J. Edward Niehaus PLLC |
| Filed By | Jason Niehaus |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | Jason |
| Transaction Amount | $3.34 |
| Transaction Response | |
| Transaction ID | 7102272 |
| Order # | 004315909-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | CCR_PDRre061400073CR |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 03/02/2015 11:34:17 AM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | Reichle PDR_Filecopy with Appdx.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Will Ramsay wramsay@hopkinscountytx.org | J. Edward Niehaus PLLC | EServe | Sent | Yes | 02/27/2015 03:39:11 PM |
| Will Ramsay willramsay@suddenlinkmail.com | J. Edward Niehaus PLLC | EServe | Error | No | Not Opened |